IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAMES E. RADICAN | ) CIVIL ACTION  6024 <br> ) CASE NO.: 00-0624-CIV-ZLOCH <br> ) MAGISTRATE: Judge B. Seltzer |
| Plaintiff, | ) |
| v. | ) |
| FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY, a foreign corporation, | ) |
| Defendant. | ) |

## NOTICE OF FILING COMPLAINT

The Defendant, FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY, by and through its undersigned counsel, and hereby files a copy of the Complaint in Case No.: 99-020505 CACE 13 in the Seventeenth Judicial Circuit in and for Broward County, Florida.

Respectfully submitted,

ALLEY, MAASS, ROGERS & LINDSAY, P.A.
Trial Counsel for Defendant
321 Royal Poinciana Plaza South
Post Office Box 431
Palm Beach, FL 33480-0431
(561) 659-1770
(561) 833-2261 Fax

By: _____
GENE D. LIPSCHER
FBN: 904228

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail to Lawrence D. Bache, Esquire, Attorney for Plaintiff, Fountains Executive Center, 9000 West Sheridan Street, Suite 174, Pembroke Pines, FL 33024, this 11th day of January, 2000.

ALLEY, MAASS, ROGERS & LINDSAY, P.A.
Trial Counsel for Defendant
321 Royal Poinciana Plaza South
Post Office Box 431
Palm Beach, FL 33480-0431
(561) 659-1770
(561) 833-2261 Fax

By: _____
GENE D. LIPSCHER
FBN: 904228

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

CACE 13

Florida Bar No. 0557935

JAMES E. RADICAN,

99020505

Plaintiff,

vs.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

**COMPLAINT** DEC 03 1999

A TRUE COPY
ROBERT E. LOCKWOOD

Defendant
_____/

COMES NOW Plaintiff JAMES E. RADICAN, hereafter "RADICAN," by and through his undersigned counsel and sues Defendant RELIANCE STANDARD LIFE INSURANCE COMPANY hereafter "RELIANCE" and states:

### GENERAL ALLEGATIONS

1. At all times material hereto Plaintiff RADICAN was a resident of Broward County, Florida.

2. At all times material hereto Defendant RELIANCE was an insurance company issuing group disability insurance policies in the State of Florida.

3. At all times material hereto Tarmac America, Inc. established and maintained for its employees an employee welfare benefit plan (hereafter the "plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1102, et. seq. A benefit of the Tarmac America, Inc. plan was Group Long Term Disability

1

Insurance issued by RELIANCE effective January 1, 1996, policy no. LSC 098842. A copy of the SPD for the RELIANCE policy, the only plan document governing the RELIANCE policy RADICAN received, is attached hereto as it "A."

## COUNT 1

4. Plaintiff incorporates and re-alleges paragraphs 1 through 3 as if fully stated herein.

5. This is an action against Defendant RELIANCE to recover in excess of $15,000 in benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), and within the jurisdiction of this Court. 29 U.S.C. 1132(e).

6. In January, 1997, and for the 30 preceding years, RADICAN was a full-time salaried exempt employee of Tarmac America, Inc. earning more than $30,000. per year but less than $59,000., a "Class B" employee pursuant to the terms of the RELIANCE long term disability policy.

7. Due to back and related health problems including but not limited to severe pain in the lower back and legs which surgery was unable to relieve, RADICAN became disabled and unable to work on or about January 1, 1997.

8. RADICAN timely filed a claim for long term disability benefits with RELIANCE, claim number 1997-346-010.

9. On April 6, 1998, RELIANCE, in administering its policy, denied in writing RADICAN's claim for disability benefits. RELIANCE's basis for denying the claim was that RADICAN failed to meet the policy "Eligibility Requirements" for coverage. A copy of the April 6, 1998 initial denial letter is attached hereto as exhibit "B."

2

10. RADICAN timely appealed the initial (and subsequent denials) of his claim for benefits and RELIANCE upheld its finding that RADICAN never met the policy "Eligibility Requirements" for coverage.

11. In a letter dated November 1, 1999 RELIANCE, in administering its policy, made a final denial of RADICAN's claim for long term disability benefits upholding its initial finding that RADICAN never met the policy "Eligibility Requirements" for coverage. A copy of the November 1, 1999 final denial letter is attached hereto as exhibit "C".

12. RELIANCE has wrongfully denied RADICAN's long term disability benefits because RADICAN met the Plan "Eligibility Requirements" for coverage.

13. As a result of RELIANCE's wrongful denial of RADICAN's long term disability benefits RADICAN has been damaged.

14. Long term disability benefits are paid from the assets of RELIANCE.

15. RADICAN has performed all conditions precedent prior to instituting this action including but not limited to exhausting all administrative remedies under the plan.

16. RADICAN has retained the undersigned counsel to represent him in this action and has agreed to pay a reasonable fee for those services.

**WHEREFORE**, Plaintiff JAMES E. RADICAN demands a judgment against Defendant RELIANCE STANDARD LIFE INSURANCE COMPANY for all unpaid long term disability benefits under the terms of the concerned policy plus interest, costs and attorney's fees, and any and all other relief deemed just and equitable.

3

Date: December 3, 1999          By: *[signature]*
                                    Lawrence D. Bache
                                    Florida Bar No. 0557935

LAW OFFICE OF LAWRENCE D. BACHE
Attorney for Plaintiff
Fountains Executive Centre
9000 West Sheridan Street, Suite 174
Pembroke Pines, FL 33024
Phone: (954) 436-7376
Fax:   (954) 436-2926

4