COPIES NOT PROVIDED.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAMES E. RADICAN<br><br>  Plaintiff,<br><br>v.<br><br>FIRST RELIANCE STANDARD LIFE<br>INSURANCE COMPANY, a foreign<br>corporation,<br><br>  Defendant. | CIVIL ACTION<br>CASE NO.:  00-6024 CIV-ZLOCH<br>MAGISTRATE: Judge B. Seltzer |

NON-COMPLIANCE OF S.D. fla. L.R. 5.1a

## MOTION FOR LEAVE TO FILE ANSWER NUNC PRO TUNC

COMES NOW the Defendant, FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY, by and through its undersigned counsel, moves for leave to file its answer in this matter for the following reasons:

(1)  On January 6, 2000 defendant filed its Answer and Affirmative Defenses in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, annexed hereto as Exhibit "1".

(2)  On January 7, 2000 defendant filed its Notice of Removal annexed hereto as Exhibit "2".

(3)  On March 31, 2000 the undersigned received a telephone call from Judge Zloch's judicial assistant advising him that the Court file did not reflect an Answer on behalf of the defendant.

(4)  On March 31, 2000 the undersigned telephoned opposing counsel and was advised that he was in receipt of defendant's Answer and Affirmative Defenses dated

January 6, 2000.

WHEREFORE, the Defendant, FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY, respectfully moves this Court to enter an Order granting Defendant leave to file its Answer nunc pro tunc as of January 6, 2000 and have same deemed filed nunc pro tunc as of January 6, 2000.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail to: Lawrence D. Bache, Esquire, Attorney for Plaintiff, Fountains Executive Centre, 9000 West Sheridan Street, Suite 174, Pembroke Pines, FL 33024 this 3rd day of April, 2000.

        ALLEY, MAASS, ROGERS & LINDSAY, P.A.
        Attorneys for Defendant
        321 Royal Poinciana Plaza South
        Post Office Box 431
        Palm Beach, FL 33480
        (561) 659-1770
        (561) 833-2261 Fax

By: _____
     GENE D. LIPSCHER
     FBN: 904228

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY,
FLORIDA

JAMES E. RADICAN,

      Plaintiff,

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

      Defendant.

_____/

CASE NO.: 99-020505-CACE 13

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, First Reliance Standard Life Insurance Company ("FRSL"), improperly denoted as Reliance Standard Life Insurance Company, by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint of Plaintiff, James E. Radican, and in liked-numbered paragraphs states:

### ANSWER

1. FRSL is without sufficient knowledge and hence denies the allegations of paragraph and demands strict proof thereof.

2. FRSL admits the allegations of this paragraph.

3. FRSL is without sufficient knowledge as to whether the SPD was the only document that was received by Plaintiff and hence denies this allegation of this paragraph. FRSL admits the remaining allegations of this paragraph.

4. FRSL incorporates and realleges its answers to paragraphs 1 through 3 above as if the same were set forth hereto at length and verbatim.

5. FRSL admits the allegations of this paragraph but denies that Plaintiff is entitled to any relief.

6. FRSL denies the allegations of this paragraph and demands strict proof thereof.

7. FRSL denies the allegations of this paragraph and demands strict proof thereof.

8. FRSL admits the allegations of this paragraph but denies that any benefits are owed to Plaintiff.

9. FRSL admits the allegations of this paragraph.

10. FRSL admits the allegations of this paragraph.

11. FRSL admits the allegations of this paragraph.

12. FRSL denies the allegations of this paragraph and demands strict proof thereof.

13. FRSL denies the allegations of this paragraph and demands strict proof thereof.

14. FRSL denies the allegations of this paragraph as stated and demands strict proof thereof. FRSL admits that it is the insurer of the plan.

15. FRSL admits the allegations of this paragraph but denies that any benefits are owed Plaintiff under the plan.

16. FRSL is without sufficient knowledge and hence denies this allegation of this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17. The plan grants to FRSL discretionary authority to interpret its terms and make decisions on eligibility benefits. FRSL's decision to deny Plaintiff's claim was neither arbitrary nor capricious.

### SECOND AFFIRMATIVE DEFENSE

18. Plaintiff is not eligible for benefits under the terms of the policy.

### THIRD AFFIRMATIVE DEFENSE

19. Plaintiff was not working full time as defined by the plan when the plan became effective or at any time material hereto.

### FOURTH AFFIRMATIVE DEFENSE

20. The Complaint fails to state a cause of action against FRSL.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by via First Class U.S. Mail, postage prepaid, to Lawrence D. Bache, Esq., Fountains Executive Center, 9000 West Sheridan Street, Suite 174, Pembroke Pines, FL 33024 on this 6th day of January, 2000.

ALLEY, MAASS, ROGERS & LINDSAY, P.A.
Attorneys for Defendant
P.O. Box 431
321 Royal Poinciana Plaza, South
Palm Beach, FL 33480-0431
(561) 659-1770/ (561) 833-2261 Fax

By: _____
GENE D. LIPSCHER
Florida Bar No. 904228

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

00-6024 CIV-ZLOCH

| | |
|---|---|
| JAMES E. RADICAN | CIVIL ACTION |
| | CASE NO.: |
| Plaintiff, | MAGISTRATE: |
| v. | |
| FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY, a foreign corporation, | |
| Defendant. | |

## NOTICE OF REMOVAL

Petitioner, First Reliance Standard Life Insurance Company ("FRSL"), by and through its undersigned attorneys, timely files this petition for removal pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(e) and 28 U.S.C. § 1441(a), (b) and (c), requesting that the above-captioned civil action be removed from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Middle District of Florida, and in support of this petition, avers as follows:

1. A copy of the Complaint in this action was served on FRSL on December 10, 1999.

2. This action involves a claim for long term disability benefits under a group disability plan offered to employees of Tarmac America, Inc., which is subject to and governed by the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq.

3. Plaintiff does not contest that ERISA governs this action. See Complaint at

paragraph 3.

4. ERISA provides the exclusive federal remedies for the resolution of claims by employee benefit plan participants and beneficiaries to recover benefits from such plans. 29 U.S.C. § 1131(a)(1)(B). See also, Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41 (1987). A cause of action filed in state court which is pre-empted by ERISA and comes within 29 U.S.C. § 1131(a)(1)(B) is removable to federal court pursuant to 28 U.S.C. § 1441(c) as an action arising under a federal law which would be removable if sued upon alone, even when the ERISA related nature of the action does not appear on the face of the complaint. See Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58 (1987).

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1131(e). As a civil action founded upon a claim of right arising under the laws of the United States, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a)(b) and (c).

6. This Notice of Removal is being filed within thirty days after receipt by FRSL as required by 28 U.S.C. § 1446(b).

7. Copies of all pleadings, process and orders served upon petitioner in this action are appended hereto as Exhibit "A."

8. All fees required by law in connection with this petition have been filed by petitioner.

WHEREFORE, petitioner First Reliance Standard Life Insurance Company respectfully requests that the above-captioned action now pending against it in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, be removed

to the United States District Court for the Southern District of Florida.

Respectfully submitted,

ALLEY, MAASS, ROGERS & LINDSAY, P.A.
Trial Counsel for Defendant
P.O. Box 431
321 Royal Poinciana Plaza, South
Palm Beach, FL 33480-0431
(561) 659-1770/ (561) 833-2261 Fax


By: _____
GENE D. LIPSCHER
Florida Bar No. 904228

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY,
FLORIDA

JAMES E. RADICAN,

CASE NO.: 99-020505-CACE 13

      Plaintiff,

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, First Reliance Standard Life Insurance Company ("FRSL"), improperly denoted as Reliance Standard Life Insurance Company, by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint of Plaintiff, James E. Radican, and in liked-numbered paragraphs states:

## ANSWER

1.    FRSL is without sufficient knowledge and hence denies the allegations of paragraph and demands strict proof thereof.

2.    FRSL admits the allegations of this paragraph.

3.    FRSL is without sufficient knowledge as to whether the SPD was the only document that was received by Plaintiff and hence denies this allegation of this paragraph. FRSL admits the remaining allegations of this paragraph.

4.    FRSL incorporates and realleges its answers to paragraphs 1 through 3 above as if the same were set forth hereto at length and verbatim.

5. FRSL admits the allegations of this paragraph but denies that Plaintiff is entitled to any relief.

6. FRSL denies the allegations of this paragraph and demands strict proof thereof.

7. FRSL denies the allegations of this paragraph and demands strict proof thereof.

8. FRSL admits the allegations of this paragraph but denies that any benefits are owed to Plaintiff.

9. FRSL admits the allegations of this paragraph.

10. FRSL admits the allegations of this paragraph.

11. FRSL admits the allegations of this paragraph.

12. FRSL denies the allegations of this paragraph and demands strict proof thereof.

13. FRSL denies the allegations of this paragraph and demands strict proof thereof.

14. FRSL denies the allegations of this paragraph as stated and demands strict proof thereof. FRSL admits that it is the insurer of the plan.

15. FRSL admits the allegations of this paragraph but denies that any benefits are owed Plaintiff under the plan.

16. FRSL is without sufficient knowledge and hence denies this allegation of this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17. The plan grants to FRSL discretionary authority to interpret its terms and make decisions on eligibility benefits. FRSL's decision to deny Plaintiff's claim was neither arbitrary nor capricious.

### SECOND AFFIRMATIVE DEFENSE

18. Plaintiff is not eligible for benefits under the terms of the policy.

### THIRD AFFIRMATIVE DEFENSE

19. Plaintiff was not working full time as defined by the plan when the plan became effective or at any time material hereto.

### FOURTH AFFIRMATIVE DEFENSE

20. The Complaint fails to state a cause of action against FRSL.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by via First Class U.S. Mail, postage prepaid, to Lawrence D. Bache, Esq., Fountains Executive Center, 9000 West Sheridan Street, Suite 174, Pembroke Pines, FL 33024 on this 6th day of January, 2000.

ALLEY, MAASS, ROGERS & LINDSAY, P.A.
Attorneys for Defendant
P.O. Box 431
321 Royal Poinciana Plaza, South
Palm Beach, FL 33480-0431
(561) 659-1770/ (561) 833-2261 Fax

By: _____
GENE D. LIPSCHER
Florida Bar No. 904228

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

JAMES E. RADICAN,

    Plaintiff,

                                                          99020505

vs.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

    Defendant

_____/

## SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint and Plaintiff's First Request for Production of Documents in this action on Defendant:

    **RELIANCE STANDARD LIFE INSURANCE COMPANY**
    by serving the Insurance Commissioner for the State of Florida
    THE CAPITOL BUILDING
    TALLAHASSEE, FL 32339

    Each Defendant is required to serve written defenses to the Complaint on Lawrence D. Bache, Esq., Plaintiff's attorney, whose address is:

    LAW OFFICE OF LAWRENCE D. BACHE
    Fountains Executive Centre
    9000 West Sheridan Street, Suite 174
    Pembroke Pines, Florida 33024
    Phone: (954) 436-7376; Fax: (954) 436-2926

1

within twenty (20) days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before service on plaintiff's attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the petition.

WITNESS my hand and seal of said Court _____ DEC 0 3 1999.

ROBERT E. LOCKWOOD
As Clerk of said Court

By_____
Deputy Clerk

VALERIE FORD
A TRUE COPY
Circuit Court Seal

2

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

CACE 13

Florida Bar No. 0557935

99020505

JAMES E. RADICAN,

    Plaintiff,

vs.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

    Defendant

_____/

COMPLAINT

DEC 03 1999

A TRUE COPY
ROBERT E. LOCKWOOD

COMES NOW Plaintiff JAMES E. RADICAN, hereafter "RADICAN," by and through his undersigned counsel and sues Defendant RELIANCE STANDARD LIFE INSURANCE COMPANY hereafter "RELIANCE" and states:

### GENERAL ALLEGATIONS

1. At all times material hereto Plaintiff RADICAN was a resident of Broward County, Florida.

2. At all times material hereto Defendant RELIANCE was an insurance company issuing group disability insurance policies in the State of Florida.

3. At all times material hereto Tarmac America, Inc. established and maintained for its employees an employee welfare benefit plan (hereafter the "plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1102, et. seq. A benefit of the Tarmac America, Inc. plan was Group Long Term Disability

1

Insurance issued by RELIANCE effective January 1, 1996, policy no. LSC 098842. A copy of the SPD for the RELIANCE policy, the only plan document governing the RELIANCE policy RADICAN received, is attached hereto as it "A."

## COUNT 1

4. Plaintiff incorporates and re-alleges paragraphs 1 through 3 as if fully stated herein.

5. This is an action against Defendant RELIANCE to recover in excess of $15,000 in benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), and within the jurisdiction of this Court. 29 U.S.C. 1132(e).

6. In January, 1997, and for the 30 preceding years, RADICAN was a full-time salaried exempt employee of Tarmac America, Inc. earning more than $30,000. per year but less than $59,000., a "Class B" employee pursuant to the terms of the RELIANCE long term disability policy.

7. Due to back and related health problems including but not limited to severe pain in the lower back and legs which surgery was unable to relieve, RADICAN became disabled and unable to work on or about January 1, 1997.

8. RADICAN timely filed a claim for long term disability benefits with RELIANCE, claim number 1997-346-010.

9. On April 6, 1998, RELIANCE, in administering its policy, denied in writing RADICAN's claim for disability benefits. RELIANCE's basis for denying the claim was that RADICAN failed to meet the policy "Eligibility Requirements" for coverage. A copy of the April 6, 1998 initial denial letter is attached hereto as exhibit "B."

2

10. RADICAN timely appealed the initial (and subsequent denials) of his claim for benefits and RELIANCE upheld its finding that RADICAN never met the policy "Eligibility Requirements" for coverage.

11. In a letter dated November 1, 1999 RELIANCE, in administering its policy, made a final denial of RADICAN's claim for long term disability benefits upholding its initial finding that RADICAN never met the policy "Eligibility Requirements" for coverage. A copy of the November 1, 1999 final denial letter is attached hereto as exhibit "C".

12. RELIANCE has wrongfully denied RADICAN's long term disability benefits because RADICAN met the Plan "Eligibility Requirements" for coverage.

13. As a result of RELIANCE's wrongful denial of RADICAN's long term disability benefits RADICAN has been damaged.

14. Long term disability benefits are paid from the assets of RELIANCE.

15. RADICAN has performed all conditions precedent prior to instituting this action including but not limited to exhausting all administrative remedies under the plan.

16. RADICAN has retained the undersigned counsel to represent him in this action and has agreed to pay a reasonable fee for those services.

**WHEREFORE**, Plaintiff JAMES E. RADICAN demands a judgment against Defendant RELIANCE STANDARD LIFE INSURANCE COMPANY for all unpaid long term disability benefits under the terms of the concerned policy plus interest, costs and attorney's fees, and any and all other relief deemed just and equitable.

Date: December 3, 1999             By: *[signature]*
                                   Lawrence D. Bache
                                   Florida Bar No. 0557935

LAW OFFICE OF LAWRENCE D. BACHE
Attorney for Plaintiff
Fountains Executive Centre
9000 West Sheridan Street, Suite 174
Pembroke Pines, FL 33024
Phone: (954) 436-7376
Fax:   (954) 436-2926

4