IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JAMES E. RADICAN )  CIVIL ACTION
) CASE NO.: 00-6024-CIV-ZLOCH
Plaintiff, ) MAGISTRATE: Seltzer
)
v. )
)
RELIANCE STANDARD LIFE )
INSURANCE COMPANY, a foreign )
corporation, )
)
Defendant. )
_____ )

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant, Reliance Standard Life Insurance Company ("RSL"), by and through its undersigned attorneys, pursuant to S.D.Fla.L.R. 7.1, hereby files its reply memorandum in support of RSL's cross motion for summary judgment and states as follows:

In support of RSL's cross-motion for summary judgment, reference is made to conversations between the plaintiff and a representative of RSL in which plaintiff stated that he had been working part-time for approximately one year before he claimed that he was disabled. In response, counsel for plaintiff questions the validity of the statements of the RSL employee and further remarks that it is in the interest of the employee "to deny Radican benefits." The statements attributed to plaintiff are entirely consistent with other evidence in this case which show that Mr. Radican did not return to work full-time after his

0416174.01

evidence in this case which show that Mr. Radican did not return to work full-time after his surgery. These include the February 26, 1998 letter from B. Edward Pittman, Vice President of Human Resources for Tarmac and the February 4, 1998 letter of Michael Unger, General Manager. See plaintiff's Exhibit "C." Additionally, counsel for plaintiff's questioning of the honesty of the RSL employee in making the statement lacks support and is irresponsible.

Plaintiff next argues that the definition of "full-time" argued by RSL is ambiguous. Plaintiff's argument in this regard is confused. As noted by plaintiff on page 17 of his brief, the term "full-time" is defined in the policy as "working for you (Tarmac) for a minimum of 40 hours during a person's regular work week." According to plaintiff, this definition is ambiguous because it does not state that an employee must be "actively" at work during these 40 hours. See brief of plaintiff at page 19. This argument lacks merit. The straight-forward definition of "full-time" requires an applicant to work for the policy holder for 40 hours during a regular work week. How else can an employee work if not actively? Plaintiff's attempts in his pleadings to avoid the requirement of working full-time may be viewed by the court as a concession on his part that he did not satisfy this requirement of the plan.

Plaintiff's further argues that no employee of Tarmac would ever be entitled to benefits because the employer does not maintain records of hours worked. Defendant does not require time cards to prove full-time status. All that is required is adequate proof. That proof does not exist in this case. As discussed more fully in RSL's initial brief, the

0416174.01

2

information received from the employer indicates that plaintiff was working part-time before his claimed disability. If an employer certified that the employee was working full-time and there was no evidence to the contrary, that would be acceptable. A plaintiff can also attach affidavits from co-workers attesting to the claimant's full-time work. In this case, the affidavits provided by plaintiff state that Mr. Radican worked full-time, but failed to identify any weeks when this occurred or what duties he was performing. More important, the statements in these affidavits are contradicted by the other evidence in this case.

Plaintiff's attempts to avoid the requirement of working full-time continue on page 20 of plaintiff's brief where he argues that this is not a requirement for payment of benefits under the policy. This argument ignores other policy provisions. The section of the policy referred to by plaintiff identifies the prerequisites for payment of benefits to an "Insured." See brief of plaintiff at page 20. "Insured" is defined in the policy as "a person who meets the Eligibility Requirements of this Policy and is enrolled for this insurance." See policy at page 2.0. The policy identifies "Eligible Classes" as including "each active, full-time employee..." See policy at page 1.0. Thus, because plaintiff is not an insured under the policy, he cannot satisfy the plan's insuring clause.

In connection with the argument of plaintiff identified above, he states that "there is no requirement for a claimant to submit proof, satisfactory or adequate, of the hours he or she has actually worked." See brief of plaintiff at page 21. This statement is incorrect. It is a claimant's burden to prove eligibility for benefits. See Horton v. Reliance Standard Life Insurance Company, 141 F.3d 1038, 1041 (11th Cir. 1998). Plaintiff's claim was denied

0416174.01

3

because he failed to provide proof that he worked full time. Plaintiff's claim before this court must be denied for the same reason because he failed to sustain his burden.

With respect to plaintiff's arguments that there is evidence in the record that Mr. Radican was working full-time in 1996, RSL refers the court to the evidence identified in its original brief. This evidence includes multiple statements from plaintiff's employer that he was working part-time and the medical records that demonstrate that plaintiff's medical condition did not improve following surgery and that plaintiff was unable to return to work. There is no more objective or compelling evidence than the statements of plaintiff's treating doctor.

In apparent recognition of the effect of his doctor's statements, plaintiff argues that he was never afforded the opportunity to respond to the medical records and other evidence because they were not identified in the initial denial letter. If plaintiff truly wanted to know every piece of evidence reviewed by RSL in denying the claim, he could have asked for a copy of the file as permitted under ERISA. He failed to do so, however. Moreover, a denial letter does not need to be as comprehensive as claimed by plaintiff. See Collins v. Central States, Southeast and Southwest Areas Health and Welfare Fund, 18 F.3d 556 (8th Cir. 1994)(Denial letter sufficiently stated the basis for denial even though it was not overly detailed). The denial letter in this case notified plaintiff of the basis for the denial. Therefore, his claim of prejudice because a few documents were not identified in the first denial letter is without merit.

0416174.01

It is next argued by plaintiff that RSL failed to investigate the conflict in the evidence regarding plaintiff's work history. There is nothing more that could have been done by RSL. RSL contacted the employer and received letters from three separate individuals, all of whom stated that plaintiff had been working part-time. RSL obtained copies of medical records which also showed that plaintiff was incapable of working full-time. RSL's inquiry may only be viewed as reasonable. See Shannon v. Jack Eckerd Corp., 113 F.3d 208 (11th Cir. 1997). Moreover, it is worth repeating that it is plaintiff's burden to establish his eligibility in the first place.

In his final argument, plaintiff argues that RSL has waived its right to disclaim coverage because it received premiums by plaintiff. Those premium payments were received in 1996. Plaintiff's claim was not submitted, however, until the following year. Even though the employer remitted premium payments to RSL on behalf of Mr. Radican, this does not make him eligible for coverage. The mere receipt of premiums by RSL cannot create coverage where it does not exist. See Sippel v. Reliance Standard Life Insurance Company, 128 F.3d 1261 (8th Cir. 1997).

Plaintiff's argument also fails under the applicable law.[1] Plaintiff cites to the decision in Glass in support of his argument. Plaintiff's reliance on Glass is clearly misplaced. A

---

[1] To the extent that plaintiff's argument is based on equitable estoppel, he does not have a valid claim because that theory may not be used to modify the written terms of a plan. See Variety Children's Hospital, Inc. v. Blue Cross/Blue Shield of Florida, 942 F. Supp. 562 (S.D.Fla. 1996); Novak v. Irwin Yacht and Marine Corp., 986 F.2d 468 (11th Cir. 1993); Glass v. United of Omaha Life Insurance Company, 33 F.3d 1341 (11th Cir. 1994).

0416174.01

5

waiver can only exist if the defendant voluntarily and intentionally relinquishes a known right. See Glass, 33 F.3d at 1347. There is no evidence to support a claim of waiver.

The facts in Glass are remarkably similar to those existing in this case, which makes plaintiff's reliance on that case all the more questionable. In Glass, the decedent was enrolled by his employer in a group policy which had as a requirement for coverage working 30 hours per week. The employer included the employee's name on the list of eligible employees that was submitted to the insurer even though he did not meet the eligibility requirements. The court held that the insurer's receipt of premiums did not constitute a waiver because there was "insufficient evidence either of intentional relinquishment of a known right or of any unjust benefit circumstance." Glass, 33 F.3d at 1348. Those same facts are present in this case. RSL had no way of knowing that Mr. Radican was ineligible until the claim was submitted nor has there been a knowing or intentional relinquishment of any right by defendant.

Moreover, as stated in the portion of Glass quoted by plaintiff, waiver would only exist if a defendant accepted premiums after denying coverage. See brief of plaintiff at page 26. Plaintiff does not argue that RSL accepted premiums on his behalf after it denied the claim nor are there any facts to support such an argument. Instead, plaintiff argues that RSL has retained premiums that were paid on his behalf. Factually, this argument is also incorrect. This plan is self-administered. As recognized by plaintiff, premiums are paid to RSL by the employer. Accordingly, it is the employer's responsibility to refund

those premiums to Mr. Radican. RSL cannot be held responsible for the employer's failure to do so.

For the reasons stated above and in RSL's initial brief, plaintiff was not an eligible insured at the time the alleged disability began. Accordingly, no benefits are owed and RSL is entitled to summary judgment in its favor.

Respectfully submitted,

ALLEY, MAASS, ROGERS & LINDSAY, P.A.
Attorneys for Defendant
321 Royal Poinciana Plaza South
Palm Beach, FL 33480
(561) 659-1770
(561) 833-2261 Fax

By: _____
GENE D. LIPSCHER
FBN: 904228

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by via First Class U.S. Mail, postage prepaid, to Lawrence D. Bache, Esq., Fountains Executive Center, 9000 West Sheridan Street, Suite 174, Pembroke Pines, FL 33024 and Roy L. Taylor, Esquire, 14 N.E. First Avenue, No. 601, Miami, FL 33132, this 6th day of July, 2000.

        ALLEY, MAASS, ROGERS & LINDSAY, P.A.
        Attorneys for Defendant
        P.O. Box 431
        321 Royal Poinciana Plaza, South
        Palm Beach, FL 33480-0431
        (561) 659-1770/ (561) 833-2261 Fax

By: _____
    GENE D. LIPSCHER
    Florida Bar No. 904228