UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
6024
Case No. 00-624-CIV-ZLOCH-Seltzer

| | |
|---|---|
| JAMES E. RADICAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RELIANCE STANDARD LIFE | ) |
| INSURANCE COMPANY, a Foreign, | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S MOTION TO REMAND TO
## PLAN ADMINISTRATOR AND ABATE ACTION
## WITH INCORPORATED MEMORANDUM OF LAW

COMES NOW Plaintiff, JAMES E. RADICAN, by and through his undersigned counsel and, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Local Rule 7.1, files this Motion to Remand to Plan Administrator and Abate Action and states:

1. In this action plaintiff James E. Radican ("RADICAN") seeks disability benefits he claims were wrongfully denied under 29 U.S.C. §1132(a)(1)(b). 29 U.S.C. §1001, et. seq., the Employee Retirement Income Security Act of 1974 ("ERISA").

2. The ERISA plan administrator who denied RADICAN's claim for benefits is the defendant, Reliance Standard Life Insurance Company ("RSL"). Benefits are paid by RSL from its own assets.

1

3.  The parties agree that the appropriate standard to be used by this court in determining the propriety of RSL's determination to deny benefits is the arbitrary and capricious (abuse of discretion) standard.[1] The evidence to be considered by the court in determining the propriety of the denial of benefits is accordingly limited to evidence contained in the administrative record at the time the final determination to deny benefits was made. *Jett v. Blue Cross & Blue Shield of Alabama*, 890 F.2d 1137, 1139 (11th Cir. 1990).

4.  In its first letter denying Radican's claim for benefits dated April 6, 1998 (exhibit "A" hereto), RSL <u>detailed the evidence upon which it based its determination to deny Radican's claim</u>, and afforded Radican a reasonable opportunity to respond to that evidence, which he did. In its second denial letter dated August 3, 1998 (Exhibit "B" hereto) RSL <u>detailed further evidence upon which it was relying in determining to deny Radican's benefits</u>, and, at the request of Radican, afforded him an opportunity to respond to that evidence. <u>In its third and final denial letter dated November 1, 1999 (exhibit "C" hereto) however, RSL informed Radican **for the first time** that in making its final denial it was mainly relying on</u>:

(1) statements made by Dr. Porth in medical records and letters;

(2) statements made by Hope B. Fisher in a letter dated December 31, 1996; and

(3) statements made by Radican in his application for benefits.

---

[1] In his response to RSL's crossmotion for summary judgment, RADICAN conceded the arbitrary and capricious (abuse of discretion) standard rather than the de novo standard is applicable to this court's review of RSL's determination to deny benefits.

2

In this final denial letter RSL made it clear that it was closing the administrative record and would not allow Radican to provide any further information, rebuttal or otherwise, in the administrative proceedings. <u>Accordingly, RADICAN was never afforded an opportunity to provide evidence or information to respond and/or rebut the evidence upon which RSL mainly relied in making its denial of RADICAN's claim for benefits</u>.

ERISA mandates that in the administrative process a participant receive a full and fair review of a denied claim for benefits. 29 U.S.C. § 1132; 29 C.F.R. § 2560-503-1-(F). ERISA's requirement that a full and fair review be provided is clearly violated when, as in this case, the evidence <u>relied upon as the basis for the final denial</u> was withheld until the close of the administrative record thereby precluding the claimant an opportunity to respond thereto.

A plan administrator has a fiduciary duty to "discharge [their] duties with respect to the plan solely in the interest of the participants and beneficiaries." 29 U.S.C. 1104(l)(1). *Pegram et. al. v. Herdrich*, U.S. Supreme Court Opinion, case no. 98-1949, decided June 12, 2000. "The fiduciary must also inform the participant of what evidence he relied upon and provide him with an opportunity to examine that evidence and to submit written comments or rebuttal documentary evidence." *Grossmuller v. International Union, United Auto, Aero*, 715 F.2d 853, 858 (3rd Cir. 1983). "Should [the beneficiary] wish to present additional information that might affect the determination of eligibility for benefits, the proper course would be to remand [to the plan administrator] for a new determination." *Shannon v. Jack*

3

*Eckerd Corp.*, 113 F.3d 208 (11th Cir. 1997) citing *Jett v. Blue Cross & Blue Shield of Alabama*, 890 F.2d 1137, 1140 (11th Cir. 1989).

5.     Attached hereto and submitted as a proffer in response (in part) to the information which RADICAN was precluded from addressing, is a sworn affidavit of RADICAN dated April 17, 2000[2] and a sworn affidavit of Dr. Manuel Porth dated June 22, 2000, RADICAN's physician upon whose records RSL relied in making its final denial. These affidavits are not submitted for consideration on the issue of RADICAN's eligibility for benefits, but are submitted as a proffer as stated above. More specifically, in his affidavit attached hereto as exhibit "A" RADICAN states:

> It was not until the final denial of benefits and close of the administrative record that RELIANCE informed me that in making its determination to deny benefits it was relying upon:
>
> A.   Statements made by me in my application for benefits.
> B.   Statements made by Hope B. Fisher in her letter dated January 28, 1998.
> C.   Statements taken from the medical records of Dr. Porth.
>
> Had I been provided an opportunity to respond to this evidence I would have demonstrated that this evidence was not reliable as follows:
>
> A.   <u>Statements made by me in my application for benefits</u>.
>      I did not state in my application that I worked only part-time throughout 1996. My reference to working part-time was in response to my working on December 31, 1996.
>
> B.   <u>Statements by Hope B. Fisher in her letter dated January 28, 1998</u>.

---

[2] This affidavit of RADICAN was previously attached as exhibit "E" to plaintiff's Motion for Summary Judgment of the Issue of Liability in accordance with RADICAN's former position that a de novo review was appropriate, a position from which RADICAN has receded.

4

Ms. Fisher worked out of Norfolk, Virginia and I worked in South Florida. I did not speak or have any dealing with Hope B. Fisher in 1996. The Tarmac human resource/employee benefit persons who worked out of South Florida and with whom I dealt and who were familiar with my employment status were Joan Black and Myra Perez. Had RELIANCE contacted either, they would have discovered the truth, i.e., that I worked the requisite hours of a "Full-time" employee for all weeks in 1996 except for those few weeks when I received physical therapy or pain treatment.

C. <u>Statements taken from the medical records of Dr. Manuel Porth</u>.

Notwithstanding having back pain and associated problems throughout 1996 and having been advised by Dr. Manuel Porth that I should refrain from working for the first six months in 1996 I did not follow his advice and the only weeks I did not work a minimum of 40 hours per week in 1996 were those weeks in which I received physical therapy and/or pain treatment and which total not more than 12 weeks.

In his affidavit dated June 28, 2000 attached hereto as exhibit "B" Manuel Porth, M.D. states in relevant part:

2. That I compiled and maintained medical records in connection with treatment of James Radican and that I provided excerpts of those records and letters with respect thereto to Reliance Standard Life Insurance Company at their request.

3. That I stated therein that during certain periods of 1996 I advised James Radican not to work and I also stated that he was unable to return to his job.

4. That I naturally assumed Mr. Radican was following my advice that he should not work. I had no personal knowledge when I prepared the referenced reports and letters as to whether Mr. Radican had been following advice and/or was in fact not working.

5

**WHEREFORE** plaintiff respectfully requests this Honorable Court remand this matter to RSL (the plan administrator) with instructions directing RSL to consider any evidence or information RADICAN wishes to submit in response to information contained in RSL's final denial letter, and to abate this action pending RSL's determination of RADICAN's claim for benefits by RSL after a consideration of additional evidence.

Respectfully submitted this 6th day of July, 2000.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via U.S. mail this 6th day of July, 2000 to **Gene D. Lipscher**, Esq., Alley, Maass, Rogers, & Lindsay, P.A., Attorney for Defendant, 321 Royal Poinciana Plaza South , P.O. Box 431 Palm Beach, FL 33480-0431, and to **Joshua Bachrach**, Esq., Rawle & Henderson, the Widener Bldg, 16th Floor, One South Penn Square, 1339 Chestnut St., Philadelphia, Pa 19107.

By: _____
LAWRENCE D. BACHE
Florida Bar No. 0557935

Law Office of Lawrence D. Bache
9000 West Sheridan Street, Suite 174
Pembroke Pines, Florida 33024
(954) 436-7376;
Fax (954) 436-2926
email: Lawbache @ aol.com

By: _____
ROY L. TAYLOR
Florida Bar No. 403225

Law Office of Roy Taylor
14 NE 1st AVE., No. 601
Miami, FL 33132
(305) 358-8813

C:\MyFiles\Radican\Mot Abate 01A.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case No. **00-624-CIV-ZLOCH-Seltzer**

| | |
|---|---|
| JAMES E. RADICAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RELIANCE STANDARD LIFE | ) |
| INSURANCE COMPANY, a Foreign, | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AFFIDAVIT OF JAMES E. RADICAN IN
## SUPPORT OF MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA       }
                       }
COUNTY OF BROWARD      }

Before me, the undersigned authority, personally appeared, JAMES E. RADICAN, who, after being duly cautioned and sworn, states upon personal belief and knowledge the following:

1. Throughout 1996, I, JAMES E. RADICAN performed for Tarmac America, Inc., the material duties pertaining to my job in the place and manner in which my job was normally performed on a full-time basis, i.e., a minimum of 40 hours during my regular work week, with the exception of those weeks in which I received physical

1

**EXHIBIT "A"**

therapy and/or pain treatment. The number of weeks in 1996 I was actively at work full-time as defined above totals not less than 40 weeks.

2. Throughout 1996 I was employed by Tarmac America, Inc. as a full-time worker.

3. Throughout 1996 I was paid by Tarmac America, Inc. as full-time worker.

4. Throughout 1996 I was paid by Tarmac America, Inc. in the same way as other full-time employees of the company.

5. Throughout 1996 I was insured as a full-time employee of Tarmac America, Inc.

6. Throughout 1996 I enjoyed all benefits and perquisites of other full-time employees of Tarmac America, Inc.

7. Throughout 1996 I paid premiums for my coverage as a full-time employee of Tarmac America, Inc.

8. Reliance Standard Life Insurance Company ("RELIANCE") accepted payment of my premiums in an amount due for full-time employees throughout 1996 and RELIANCE retained those premiums.

9. RELIANCE employee Richard D. Walsh stated in his August 3, 1998 denial letter:

> ... In fact, on at least two separate occasions your client (Mr. Radican) informed us via the telephone that he worked part time throughout 1996.

I provided Mr. Walsh with my sworn affidavit dated January 25, 1999 in which I stated:

> This is an inaccurate statement. Perhaps I was misunderstood. What I attempted to convey was the truth, i.e., the only time in 1996 in which I did not work

2

> full-time was during those weeks when I was receiving medical treatment as referred to above.

10. In his final denial letter dated November 1, 1999 Richard D. Walsh stated:

> ... during two telephone conversations with one of our representatives Mr. Radican advised that he had worked part-time for approximately one year prior to being told that Tarmac could no longer accommodate his part-time schedule after December 31, 1996.

I never stated by phone or otherwise to any RELIANCE employee or anyone else that I <u>only</u> worked part time in 1996 and I informed RELIANCE of this. I informed RELIANCE that perhaps I as misunderstood. What I attempted to convey to the RELIANCE employee with whom I spoke was the truth, i.e., that I worked part time in 1996 but only for those weeks (less than 12) when I received physical therapy and/or pain treatment.

11. It was not until the final denial of benefits and close of the administrative record that RELIANCE informed me that in making its determination to deny benefits it was relying upon:

    A. Statements made by me in my application for benefits.

    B. Statements made by Hope B. Fisher in her letter dated January 28, 1998.

    C. Statements taken from the medical records of Dr. Porth.

Had I been provided an opportunity to respond to this evidence I would have demonstrated that this evidence was not reliable as follows:

3

A. <u>Statements made by me in my application for benefits</u>.

I did not state in my application that I worked only part-time throughout 1996. My reference to working part-time was in response to my working on December 31, 1996.

B. <u>Statements by Hope B. Fisher in her letter dated January 28, 1998</u>.

Ms. Fisher worked out of Norfolk, Virginia and I worked in South Florida. I did not speak or have any dealing with Hope B. Fisher in 1996. The Tarmac human resource/employee benefit persons who worked out of South Florida and with whom I dealt and who were familiar with my employment status were Joan Black and Myra Perez. Had RELIANCE contacted either, they would have discovered the truth, i.e., that I worked the requisite hours of a "Full-time" employee for all weeks in 1996 except for those few weeks when I received physical therapy or pain treatment.

C. <u>Statements taken from the medical records of Dr. Manuel Porth</u>.

Notwithstanding having back pain and associated problems throughout 1996 and having been advised by Dr. Manuel Porth that I should refrain from working for the first six months in 1996 I did not follow his advice and the only weeks I did not work a minimum of 40 hours per week in 1996 were those weeks in which I received physical therapy and/or pain treatment and which total not more than 12 weeks.

**Further Affiant Sayeth Not**

_____
JAMES E. RADICAN

4

Sworn to and subscribed before me on April __17__, 2000.

Stamp or
Seal:



_____
Notary Public

My commission expires:

____Personally Known

__X__Produced identification

_____FL DL_____
Type of identification produced

\Aff 04 Radican.wpd

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case No. **00-624-CIV-ZLOCH-Seltzer**

| | |
|---|---|
| JAMES E. RADICAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RELIANCE STANDARD LIFE | ) |
| INSURANCE COMPANY, a Foreign, | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AFFIDAVIT OF MANUEL PORTH, M.D.

STATE OF FLORIDA    )
                    )
COUNTY OF _____ )

Before me, the undersigned authority, personally appeared, MANUEL PORTH, M.D., who, after being duly cautioned and sworn, states upon personal belief and knowledge the following:

I MANUEL PORTH, M.D., being duly sworn, make oath and say as follows:

1. That I am a medical practitioner licensed to practice medicine in the state of Florida and I have offices in Broward County, Florida.

1

**EXHIBIT "B"**

2. That I compiled and maintained medical records in connection with treatment of James Radican and that I provided excerpts of those records and letters with respect thereto to Reliance Standard Life Insurance Company at their request.

3. That I stated therein that during certain periods of 1996 I advised James Radican not to work and I also stated that he was unable to return to his job.

4. That I naturally assumed Mr. Radican was following my advice that he should not work. I had no personal knowledge when I prepared the referenced reports and letters as to whether Mr. Radican had been following advice and/or was in fact not working.

**Further Affiant Sayeth Not**

MANUEL PORTH, M.D.

Sworn to and subscribed before me on June $28$, 2000.

Stamp or Seal:



KATHY D. ELLIS
MY COMMISSION # CC 654598
EXPIRES: September 28, 2001
Bonded Thru Notary Public Underwriters

Kathy Ellis CC654598
Notary Public
Kathy D Ellis

My commission expires:

✓ Personally Known

___ Produced identification

Type of identification produced: N/A

\Aff 07 Porth.wpd

2