IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| JAMES E. RADICAN | ) | CIVIL ACTION 6024 |
| | ) | CASE NO.: 00-624-CIV-ZLOCH |
| Plaintiff, | ) | MAGISTRATE: Seltzer |
| | ) | |
| v. | ) | |
| | ) | |
| RELIANCE STANDARD LIFE | ) | |
| INSURANCE COMPANY, a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
## TO REMAND TO PLAN ADMINISTRATOR AND ABATE ACTION

Defendant, Reliance Standard Life Insurance Company ("RSL" or "Defendant"), by and through its undersigned attorneys, hereby files its response to plaintiff, James E. Radican's ("Plaintiff") motion to remand to plan administrator and abate action and in support thereof states as follows:

Plaintiff previously moved for summary judgment in his favor and defendant filed a cross-motion for summary judgment. Now plaintiff moves this court to remand the claim to the plan administrator for further review. The latest motion of plaintiff may be viewed as an acknowledgment of the weakness of plaintiff's position as stated in his summary judgment motion. More important for purposes of the present motion, plaintiff is not entitled to a remand of the claim decision.[1]

---

[1] Plaintiff is certainly not entitled to a remand of the decision to the Plan Administrator. The Plan Administrator for this plan is plaintiff's former employer. Under the terms of the policy, RSL is the claims review fiduciary. Moreover, as claims review

Plaintiff argues that he was not afforded a full and fair review of his claim because a few documents referred to in a subsequent appeal letter were not identified in the initial denial letter. Plaintiff's argument, that a denial letter must identify every single document reviewed by a plan, has no support in ERISA. In fact, plaintiff has not cited to a single case that supports his position.

ERISA requires a plan to notify a claimant of the specific reasons for the benefit denial. See 29 C.F.R. § 2560.503-1(f). There can be no dispute that the denial letter satisfies this requirement. The letter notified plaintiff that he was not an eligible insured under the policy since he was not working full-time. There is no requirement that an initial denial letter contain extensive detail. See Kinkead v. Southwestern Bell Corp. Sickness and Accident Disability Benefits Plan, 111 F.3d 67, 69 (8th Cir. 1997). In Kinkead, the court stated that an initial claim denial notice "need not be extensive, provided that it explains the basis for the adverse initial decision sufficient to permit the claimant to prepare an informed request for further review." See also Guthrie v. Hewlett-Packard Company Employee Benefits Org., 773 F.Supp. 1414 (D.Col. 1991).

It is also important to recognize that substantial compliance of ERISA's notice requirements is all that is required of a plan fiduciary. See Wolfe v. J.C. Penney Company, 710 F.2d 388, 393 (7th Cir. 1983). Here, the plan provided plaintiff with a detailed explanation for the denial of the claim. The plan also afforded plaintiff multiple opportunities to present evidence that he was eligible for benefits under the plan. When these materials are reviewed, it is clear that plaintiff had a full and fair review of his claim

---

fiduciary RSL has the authority to interpret the terms of the plan and determine eligibility for benefits. See Exhibit "A" to defendant's cross motion for summary judgment at page 4.0.

and that defendant complied with the notice requirements contained in 29 C.F.R. § 2560.503-1.

It is also important to note that ERISA permits a claimant to obtain a copy of the administrative record during the appeal process. In this case, plaintiff chose not to do so. Accordingly, he cannot complain that he was unaware of the contents of the administrative record. Moreover, it is beyond reason that plaintiff was unaware that defendant would be reviewing the records of his treating doctor and contacting his employer in evaluating the claim for benefits.

The question presently before the court is whether plaintiff received a full and fair review of his claim. Both ERISA and the subject plan permit only one review of a denial of benefits. In this case, defendant agreed to accept additional information and reviewed the claim for a third time. On this basis alone, it is clear that plaintiff had a full and fair review of his claim. Plaintiff complains, however, that he should have been informed of each and every document relied on by defendant when it reviewed his claim. There is no such requirement under ERISA. Accordingly, for the reasons stated above, defendant requests that this court deny plaintiff's motion to remand and proceed with ruling on the dispositive motions.

Respectfully submitted,

ALLEY, MAASS, ROGERS & LINDSAY, P.A.

By: _____
Gene D. Lipscher, Esquire
FBN: 904228
Attorneys for Defendant
321 Royal Poinciana Plaza South
Palm Beach, Florida 33480-0431
(561) 659-1770

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by via First Class U.S. Mail, postage prepaid, to Lawrence D. Bache, Esq., Fountains Executive Center, 9000 West Sheridan Street, Suite 174, Pembroke Pines, FL 33024, this 11th day of July, 2000.

> ALLEY, MAASS, ROGERS & LINDSAY, P.A.
> Attorneys for Defendant
> P.O. Box 431
> 321 Royal Poinciana Plaza, South
> Palm Beach, FL 33480-0431
> (561) 659-1770/ (561) 833-2261 Fax
>
> By: _____
> GENE D. LIPSCHER
> Florida Bar No. 904228