UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
*6024*
Case No. 00-624-CIV-ZLOCH-Seltzer

| | |
|---|---|
| JAMES E. RADICAN | ) |
| Plaintiff, | ) |
| vs. | ) |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, a Foreign, corporation, | ) |
| Defendants. | ) |

**NIGHT BOX FILED**
·JUL 2 0 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND TO PLAN ADMINISTRATOR AND ABATE ACTION

COMES NOW Plaintiff, JAMES E. RADICAN, by and through his undersigned counsel and, pursuant to Local Rule 7.1(c), files this Reply Memorandum to Defendant's Response to Plaintiff's Motion to Remand to Plan Administrator and Abate Action and states:

In the second paragraph of its Response RSL states that "Radican's instant Motion is an acknowledgment of the weakness of plaintiff's position . . ." This is a gross misconception. Radican's position is that RSL's failure to conduct a full and fair review of plaintiff's claim, *ipso facto*, renders its denial of plaintiff's claim for benefits arbitrary and capricious and/or an abuse of discretion (see plaintiff's Response to RSL's Crossmotion for

1



Summary Judgment at page 23-25). Plaintiff's request for remand is made in the alternative. Plaintiff is fully aware that if the court were to grant his Motion for Summary Judgment on the Issue of Liability the issue of remand would be moot.

RSL argues in footnote number 1 that remand is inappropriate because "[t]he Plan Administrator for this plan is plaintiff's former employer." Plaintiff's former employer, Tarmac America, Inc., is the "Policyholder" and ERISA plan sponsor, <u>not the plan administrator</u>. It is an undisputed fact that RSL administers its policy (the plan), that it pays benefits from its assets, and that it alone makes benefit determinations. (Policy 4.0).

In the third paragraph RSL has misstated plaintiff's position as "[P]laintiff argues that he was not afforded a full and fair review of his claim because a few documents referred to in a subsequent appeal letter were not identified in the initial denial letter." Plaintiff has never so argued. Plaintiff contends that he was not afforded a full and fair review of his claim because RSL's concealment of the basis (evidence) upon which it **mainly relied**[1] in making its determination to deny benefits until the close of the administrative record (final denial) denied him the opportunity to respond thereto and therefore constituted an unreasonable claims procedure in violation of 29 C.F.R. § 2560.503. An ERISA fiduciary, particularly a self-interested fiduciary, must afford a plan participant a reasonable

---

[1] In its final denial letter in which RSL made it clear it was closing the administrative proceedings RSL informed Radican **for the first time** that in making the final denial of its benefits it was mainly relying on the following evidence:

(1)    statements by Dr. Porth in medical records and letters;
(2)    statements made by Hope B. Fisher in a letter dated December 31, 1996; and
(3)    statements made by Radican in his application for benefits.

2

opportunity to submit responsive and/or rebuttal evidence bearing on the validity of his claim. Plaintiff reiterates that RSL did not afford plaintiff an opportunity to address the matters upon which it mainly relied in making its denial and therefore RSL's claim of compliance with the notice requirements of 29 C.F.R. § 2560.503-1 is specious and mischievous. Finally, it is not the number of review occasions which determines compliance with the full and fair review requirements of 29 C.F.R. § 2560.503-1, but rather the degree of adherence to its fiduciarial requirements.[2]

RSL further erroneously states on the final page of its Response that "[i]t is also important to note that ERISA permits a claimant to obtain a copy of the administrative record during the appeal process . . . that plaintiff chose not to do so" and "[a]ccordingly he cannot complain that he was unaware of the contents of the administrative record." Section 104(b)(4) of ERISA provides in pertinent part as follows:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement contract, *or otherwise instruments under which the plan is established or operated.*

29 U.S. C. § 1024(b)(4) (emphasis added). This ERISA section requiring disclosure of "other instruments under which plan is established or operated" applies only to formal legal

---

[2] In these proceedings RSL has further consistently misapprehended that the burden of a claimant to prove eligibility for benefits has no application in the administrative process and arises, if at all, only in conjunction with ERISA litigation. See *Horton v. Reliance Standard Life Insurance Company*, 141 F.3d 1038 (11th Cir. 1998) previously cited by RSL.

3

documents governing a plan. There is no entitlement, statutory or otherwise, to a copy of the administrative record. *Ames v. American Nat. Can Co.* 170 F.3d 751 (7th Cir. 1999); *Board of Trustee of the CNA ITU Negotiated Pension v. Weinstein*, 107 F.3d 139 (2nd Cir. 1997); *Medoy V. Warnaco Employees Long Term Disab. Plan*, 43 F.Supp 2d 303 (E.D. N.Y. 1999).

If defendant considered that there was apparent conflict between the records of plaintiff's treating physician and any correspondence from plaintiff's employer which would or might conceivably affect the determination to be made on the claim, then the defendant was statutorily and fiduciarily obliged to permit plaintiff an opportunity to comment thereon. To conceal from the plaintiff the information upon which RSL would purport to rely as providing a basis for denial of the claim constituted outrageous and scandalous conduct seemingly designed to deprive plaintiff of the benefits to which he was manifestly entitled. 29 U.S.C. § 1024(b)(4) does not derogate from the plan fiduciary's duty to comply with the provision to advise the claimant participant of the grounds for a denial.

RSL's contention that "[p]laintiff complains . . . that he should have been informed of each and every document relied on by defendant when it reviewed his claim" is so without merit or validity as not to deserve comment.

Respectfully submitted this 20th day of July, 2000.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via U.S. mail this 20th day of July, 2000 to **Gene D. Lipscher**, Esq., Alley, Maass, Rogers, & Lindsay, P.A., Attorney for Defendant, 321 Royal Poinciana Plaza South , P.O. Box 431 Palm Beach, FL 33480-0431, and to **Joshua Bachrach**, Esq., Rawle & Henderson, the

4

Widener Bldg, 16th Floor, One South Penn Square, 1339 Chestnut St., Philadelphia, Pa 19107.

By: /s/ Lawrence D. Bache
LAWRENCE D. BACHE
Florida Bar No. 0557935

Law Office of Lawrence D. Bache
9000 West Sheridan Street, Suite 174
Pembroke Pines, FL 33024
(954) 436-7376;
Fax (954) 436-2926
email: Lawbache @ aol.com

By: /s/ Roy L. Taylor
ROY L. TAYLOR
Florida Bar No. 403225

Law Office of Roy Taylor
14 NE 1st AVE., No. 601
Miami, FL 33132
(305) 358-8813

C:\MyFiles\Radican\Reply Mot Rmnd.wpd

5