UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6024-CIV-ZLOCH



JAMES E. RADICAN,

    Plaintiff,

vs.                          **FINAL ORDER OF REMAND**

FIRST RELIANCE STANDARD LIFE
INSURANCE COMPANY, a foreign
corporation,

    Defendant.
_____/

    THIS MATTER is before the Court upon the Plaintiff, James E. Radican's Motion To Remand To Plan Administrator and Abate Action (DE 17). The court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    The Plaintiff, James E. Radican, commenced the above-styled cause by filing a Complaint in Florida state court (DE 1) seeking payment of disability benefits plus interest, costs and attorney's fees. Asserting this Court's jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001 et seq., the Defendant, First Reliance Standard Life Insurance Company, timely removed this matter to Federal court. In the instant Motion (DE 17), the Plaintiff asserts that he failed to receive a full and fair review of his claim per 29 U.S.C. § 1132 and 29 C.F.R. § 2560-503-1-(F), as he was denied the opportunity to

present evidence which would refute the Defendant's final determination that the Plaintiff was ineligible to receive disability benefits. Consequently, the Plaintiff asserts that the instant action should be remanded to the plan administrator for further consideration.

The Court notes that it has the authority to remand ERISA claims to plan administrators when a plaintiff has additional evidence which might affect his eligibility for benefits. Thomas Shannon v. Jack Eckerd Corp., 113 F.3d 208, 210 (11th Cir. 1997); Jett v. Blue Cross and Blue Shield of Alabama, Inc., 890 F.2d 1137, 1140 (11th Cir. 1989). Such is the situation in the instant case, as the Plaintiff has submitted evidence that might affect his eligibility for receiving disability benefits from the Defendant. Specifically, the Plaintiff has evidence which suggests that he was a full-time employee at the time in question, and as such he would be eligible for the receipt of disability benefits from the Defendant. Thus, a remand to the plan administrator is appropriate.

Accordingly after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **REMANDED** to the Plan Administrator for reconsideration of Plaintiff, James E. Radican's eligibility for benefits based on the Plaintiff's submission of evidence in response to information contained in the

Defendant's final determination of ineligibility; and

2. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of January 2001.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Lawrence D. Basche, Esq.
For Plaintiff

Gene D. Lipscher, Esq.
For Defendant

3