

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-624-C.V.-ZLOCH-Seltzer
6024

JAMES E. RADICAN )
                                                    )
            Plaintiff         )        **MEMORANDUM OF LAW**
                                                    )        **DEFENDANT RELIANCE**
        v.                    )        **STANDARD LIFE INSURANCE**
                                                    )        **COMPANY IN OPPOSITION TO**
FIRST RELIANCE STANDARD LIFE  )        **PLAINTIFF'S MOTION FOR**
INSURANCE COMPANY, a foreign  )        **ATTORNEY'S FEES AND COSTS**
corporation,                  )
                                                    )
            Defendant.        )
_____ )

Plaintiff's motion for attorney fees should be denied as it is premature, fails the five factor

test utilized by the Eleventh Circuit, and seeks fees not recoverable under ERISA law. A party's

request for attorneys fees must await a final determination on the merits and are not appropriate

where the case has been remanded to the administrator for further review. See McClure v. Life

Insurance Company of North America, 84 F.3d 1129, 1136 (9th Cir. 1996); see also Kearney v.

Standard Ins. Co., 144 F.3d 597, 612, N.10 (9th Cir. 1998); Quinn v. Blue Cross and Blue Shield

Association, 161 F.3d 472, 479 (7th Cir. 1998).

### a.    No Attorneys' Fees Granted on Remand

Although the Eleventh Circuit has not addressed the issue of whether attorneys' fees may

be obtained on remand, the Ninth Circuit has held that such fees should not be allowed. In both

0489751.01

McClure and Kearney, the Ninth Circuit explained that an application for fees must await a final determination based on the five-part test. In McClure, the Ninth Circuit explained as follows:

> Because we remand to the district court, neither party has yet "prevailed" in this action. McClure's request for fees must await a final determination on the merits.

See McClure, 84 F.3d at 1136.

The Eleventh Circuit has held that an order to remand is not a final determination. See Shannon v. Jack Eckerd Corp., 55 F.3d 561 (11th Cir. 1995). In Shannon, the plaintiff filed an action after the defendant denied his request for pre-authorization of benefits under a health plan governed by ERISA. The pre-authorization related to a dual kidney and pancreas transplant. Plaintiff filed suit to recover the cost of the surgery from his health plan. After a bench trial, the court found that the plan administrator had failed to consider all of the relevant evidence and therefore the denial of coverage was arbitrary and capricious. The district court remanded the matter to the Plan Administrator for a new determination based upon all of the relevant evidence available up to the date of the new determination. The court held as follows:

> The district court's remand order is not final because it neither disposes of all Shannon's requests for relief nor ends the litigation on the merits. Furthermore, the collateral order exception to the finality rule does not apply to the remand order at issue. Therefore, we have no appellate jurisdiction. The appellee's motion for attorney's fees is dismissed for lack of jurisdiction.

See Shannon 55 F.3d at 564. Similarly, the remand in the present action is not a final order. It has not disposed of all of the plaintiff's claims nor has it ended the litigation on the merits. Therefore, plaintiff's application for attorney's fees is premature.

In <u>McClure</u>, <u>Kearney</u> and <u>Quinn,</u> the Circuit Courts declined to decide plaintiff's application for attorney's fees based on an order to remand to the plan administrator because no party had "prevailed" in the action. The vast majority of courts require a party to prevail before attorney's fees will be awarded. In <u>Martin v. Blue Cross and Blue Shield of Virginia, Inc.</u>, 155 F.3d 1201, 1210 (4th Cir. 1997) the court stated as follows:

> Because of the strong suggestions in our own precedent, supported by the weight of authority from other Circuits, we now make clear that in the Fourth Circuit, only a prevailing party is entitled to consideration for attorneys' fees in an ERISA action. We have denied Mrs. Martin's claim in full. and therefore she is not entitled attorneys' fees. Accordingly, we reverse the magistrate judge's award of attorneys' fees.

<u>See</u> <u>Martin</u>, 115 F.3d at 1210.

Accordingly, the majority of courts hold that only the prevailing party may collect attorneys' fees. This is clearly reflected in the <u>McClure</u>, <u>Kearney</u>, and <u>Quinn</u> cases which state that attorneys' fees could not be granted to either party as neither party had "prevailed" based on the order to remand. <u>See</u> <u>McClure</u> 84 F.3d at 1136.

Plaintiff points to an unpublished opinion, <u>Morris v. Continental Casualty Company</u>, Case No. 1:99-CV-885A-JEC (N.D.Ga. March 31, 2000) to argue that "equitable considerations suggest that plaintiff should be reimbursed for attorneys' fees incurred" up to the point of remand. <u>See</u> plaintiff's brief at page 3. However, in <u>Morris</u>, the court requested that the parties brief the issue of whether attorneys' fees may be granted prior to a final determination. <u>See</u> <u>Morris</u>, at page 24. The court stated as follows:

> As defendant's unresponsiveness caused plaintiff to incur unnecessary expense in litigating the case before this Court, only to have to come back and repeat the process again after the remand to the Administrator is complete, the Court concludes that equitable considerations suggest that plaintiff should be reimbursed for attorney's expenses incurred in litigating this case up to this point. Whether such a remedy is within the Court's power is something that the parties will have to brief, if plaintiff seeks such an award. Plaintiff should make any motion for attorney's fees or costs within twenty (20) days of this Order.

See Morris, page 24 attached to plaintiff's Motion as Exhibit "C."

Accordingly, Morris can not be cited for the authority that attorney's fees are recoverable by a party at the time of remand. Rather, it appears that the court in Morris took a proactive approach and invited the plaintiff to seek out attorney's fees but expressly stated that the issue of whether such fees are recoverable, would have to be briefed for the court. Accordingly, the Morris decision does not provide any authority from which to conclude that attorney's fees may be recoverable when a case is remanded to the plan administrator. For the reasons stated above, plaintiff's motion for attorneys' fees and costs is untimely and must be denied.

### b.   Five Factors in Awarding Attorneys' Fees Under ERISA

Under the civil enforcement provisions of ERISA, a court may allow reasonable attorney's fees and costs of the action to either party. 29 U.S.C. §1132(g)(1). In determining whether a party is entitled to fees in an ERISA action, courts have utilized five factors, including:

(1)   The degree of the opposing parties' culpability or bad faith;
(2)   The ability of the opposing party to satisfy an award of fees;
(3)   Whether an award of fees would deter other from acting under similar circumstances;
(4)   Whether the parties requesting fees sought to benefit all

                    plan participants or resolve a significant legal question; and
            (5)     The relative merits of the parties positions.

See Florence Nightingale Nursing Services Inc. v. Blue Cross, 41 F.3d 1476, 1485 (11th Cir.

1995); National Company's Health Plan v. St. Joseph's Hosp., 929 F.2d 1558, 1575, n.18 (11th

Cir. 1991); Freeman v. Continental Ins. Co., 996 F.2d 1116, 1119 (11th Cir. 1993)(citing to Iron

Workers Local No. 272 v. Bowen, 624 F.2d 1255 (5th Cir. 1980)).[1]

        In Nightingale, the plaintiff appealed a denial of attorneys' fees based on an allegation that

the district court only considered whether the defendant had acted in bad faith in ruling on his

claims for fees. The district court found that Blue Cross had not acted in bad faith because it had

an arguable basis for its decision. Cite Id. The court held that even though all five factors were

not discussed, the district court's decision was sufficient so long as it considered all five factors.

In Andrews, the court held that a lack of bad faith was dispositive and reversed a fee award on that

basis alone. Andrews, 938 F.2d at 1248.

        In this case, Reliance Standard did not act in bad faith with regard to plaintiff's claim.

Reliance Standard had a reasonable basis for denial of benefits which is supported by the

administrative record. Plaintiff's allegations that Reliance did not provide a full description in its

denial letter of the reason for which his claim was denied is not supported by law. In Counts, the

plaintiff alleged that the plan administrator's letter failed to comply with the notice requirements

_____

    [1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the
Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed
down by that court prior to the close of business on September 30, 1981. Id.; See also,
Freeman 996 F.2d at 1119, n.2 and U.S. v. Beard, 41 F.3d 1486 (11th Cir. 1995).

0489751.01

of 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(f).  See Counts, 111 F.3d at 108.  The district
court agreed that the denial letter was technically deficient but concluded that it substantially
complied with the notice requirements and therefore was sufficient.  The court explained as
follows:

> The district court agreed that AGLA's letter was technically
> deficient.  Nevertheless, the district court concluded that the letter
> substantially complied with the notice requirements because, taken
> as a whole, it supplied Counts 'with a statement of reasons that,
> under the circumstances of the case, permitted a sufficiently clear
> understanding of the administrator's position to permit effective
> review.'

See Counts, 111 F.3d at 108.

Similarly, in this case plaintiff's allegation that Reliance Standard acted in bad faith by
failing to comply with the notice requirements of 29 C.F.R. § 2560.503-1(f), do not demonstrate
bad faith or establish an entitlement to attorney's fees.  The denial letter provided by Reliance
Standard substantially complied with the requirements of 29 C.F.R. § 2560.503-1(f) and gave
plaintiff a sufficient understanding of the administrator's position with regard to his claim.

The plaintiff addresses the other four requirements only briefly stating that as a large
corporation Reliance Standard should be able to pay fees and that their requirement to pay fees
would deter other persons acting under similar circumstances.  The plaintiff also argues that his
claim for benefits resolves a significant legal issue regarding what is a full and fair review of a
claim.  Finally, plaintiff briefly states that the decision to remand sufficiently demonstrates the
relative merits of each parties position.  In response, Reliance Standard admits that it is financially

able to pay reasonable attorney's fees. However, paying the fees in this case will not deter other persons acting in similar circumstances and does not benefit ERISA participants. Reliance Standard has a meritorious defense of this claim. The plaintiff was working part-time in the months prior to his alleged disability and did not qualify for benefits under the plan. The policy requires a participant to be working full-time in order to be eligible for benefits. In this case, Reliance Standard contacted plaintiff's employer and was informed by several different parties that he did not work in a full-time capacity prior to his alleged disability. Accordingly, the benefits were denied. Reliance Standard had discretionary authority to interpret the terms of the plan and in making its determination Reliance Standard applied the regular and usual meaning of the term full-time employment. It did not abuse its discretion in making such a determination and accordingly should prevail on the merits. However, even without reaching the ultimate question of who will prevail, it is clear that Reliance Standard did not act in bad faith in this case and that the payment of attorneys' fees is not warranted and would not benefit all plan participants. With the possible exception of Reliance Standard's ability to pay the award in this case, none of the other four factors weigh in favor of awarding attorney's fees. Accordingly, plaintiff's motion for attorney's fees and costs must be denied on its merits.

### c.    No Recovery for Administrative Costs

Plaintiff seeks $21,900.00 in attorney's fees and $380.29 in costs for a total of $22,280.29. However, some of the fees sought by plaintiff are not recoverable in ERISA actions. Specifically, the work conducted by plaintiff's attorney from November 23, 1998, through November 8, 1999,

0489751.01

7

occurred prior to the preparation and filing of a Complaint. In ERISA cases, only services provided after the filing of an action are recoverable. See Cann v. Carpenters' Pension Trust Fund for Northern California, 989 F.2d 313 (9th Cir. 1993); Anderson v. Procter and Gamble, 220 F.3d 449 (6th Cir. 2000); McElwaine v. U.S. West, Inc., 176 F.3d 1167 (9th Cir. 1999); Choi v. Massachusetts General Physicians Organization, 66 F.Supp.2d 251 (Dist. Mass. 1999). Each of these courts have focused on the wording of Section 502(g) in ERISA. That section states that a court may, in its discretion, allow reasonable attorney's fees and costs of an action to either party. The courts have distinguished this language with various other statutes which provide for attorney's fees for "actions or proceedings." By contrast, ERISA only provides attorney's fees for an "action." As a result, the courts have decided that the statute is limited to attorney's fees which are incurred after the action is instituted by Complaint.

In Anderson, the court explained as follows:

> In Cann, the Ninth Circuit reasoned that Section 1132(g)(1) [502(g)] restricts recovery of attorneys' fees to ERISA cases litigated in court because, if Congress had intended to provide for the recover of attorneys' fees in administrative proceedings it would have indicated as much by allowing for the recovery of fees in any "action or proceeding."

See Anderson, 220 F.3d at 452-453 (citing Cann, 989 F.2d at 316.). Accordingly, in this case, the work performed by plaintiff's attorney prior to drafting and filing the complaint before November 8, 1999, are not recoverable.

In this case, plaintiff is seeking $22,280.29 in fees and costs for 109.5 hours of work. The 109.5 hours must be reduced by 24.9 hours, because that work was performed prior to the filing

of the complaint. Accordingly, even assuming plaintiff could recover attorneys' fees at this point.

those fees would be limited to 84.6 hours. Given plaintiff's rate of $200.00 per hour. his

allowable attorney's fees can costs would be $17,300.29. not $22,280.29. However, as noted

above. the five factors do not weigh in favor of granting any fees to plaintiff.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by via

First Class U.S. Mail, postage prepaid. to Lawrence D. Bache, Esq.. Fountains Executive Center.

9000 West Sheridan Street. Suite 174, Pembroke Pines, FL 33024. this 20th day of February,

2001.

> RAWLE & HENDERSON, LLP
> Joshua Bachrach, Esquire (pro hac vice)
> Attorneys for Defendant
> The Widener Building, 16th Floor
> One South Penn Square
> 1339 Chestnut Street
> Philadelphia. PA 19107
> (215) 575-4200
>
> ALLEY, MAASS. ROGERS & LINDSAY, P.A.
> Attorneys for Defendant
> P.O. Box 431
> 321 Royal Poinciana Plaza, South
> Palm Beach. FL 33480-0431
> (561) 659-1770/ (561) 833-2261 Fax
>
> By: _____
> GENE D. LIPSCHER
> FBN: 904228

0489751.01

9