UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. **00-624-CIV-ZLOCH-Seltzer**

| | |
|---|---|
| JAMES E. RADICAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RELIANCE STANDARD LIFE | ) |
| INSURANCE COMPANY, a Foreign, | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### PLAINTIFF'S REPLY MEMORANDUM OF LAW TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

**COMES NOW** Plaintiff, JAMES E. RADICAN, through undersigned counsel and pursuant to Rule 7.3 of the Local Rules for the United States District Court, Southern District of Florida, hereby replies to defendant's Response to Plaintiff's Motion for Attorney's Fees and Costs, and states:

In its Response, defendant argues that plaintiff is not entitled to attorney's fees, **at this juncture**, because he is not the "prevailing party." Neither 29 U.S.C. § 1132(g)(1) nor the five-factor criteria used to determine whether a party in an ERISA case is entitled to attorney's fees requires that one prevail in the entire case to recover attorney's fees. Attorney's fees in ERISA cases have even be awarded to a losing plaintiff. *McElwaine v.*

-1-

*U.S. West, Inc.*, 1999 U.S. App. Lexis 8763 (9th Cir May 10, 1999). *Sharron v. Amalgamated Insurance Agency Services, Inc.* 704 F.2d 562 (11th Cir. 1983).

Unlike the three cases cited by defendant in support of its argument[1], <u>in the instant case the court granted a Motion for Remand filed by the plaintiff</u>, notwithstanding defendant's argument in opposition thereto. It is respectfully submitted that prevailing on an application for remand is succeeding on a significant issue in the litigation, particularly since remand was warranted because Reliance Standard Life Insurance Company, the self-interested fiduciary, exhibited bad faith. Defendant's argument that it did not act in bad faith because its final denial letter was only technically deficient and "substantially complied with the requirements of 29 C.F.R. § 2560.503-1(f) and gave plaintiff a sufficient understanding of the administrator's position with regard to his claim" (Response, page 6) is misconceived. The conduct which plaintiff has alleged constituted bad faith was not defendant's failure to provide "plaintiff a sufficient understanding of the administrator's position with regard to the claim," but was the concealment of the basis (evidence) upon which it <u>mainly</u> relied in making its determination to deny benefits until it closed the administrative record (final denial), thereby denying plaintiff an opportunity to respond thereto. This conduct violates the obligation of an ERISA fiduciary (self-interested or otherwise) to maintain a fair and reasonable claims procedure. See 29 C.F.R. 2560.503-1.

---

[1] *McClure v. Life Insurance Company of North America*, 84 F.3d 1129 (9th Cir. 1996); *Kearney v. Standard Ins. Co.*, 144 F.3d 597 (9th Cir. 1998); *Quinn v. Blue Cross and Blue Shield Association*, 161 F.3d 472 (7th Cir. 1998).

In the event the Court concurs with defendant's position that "plaintiff's application for attorney's fees is premature," (Response, page 2), it is respectfully submitted that the proper course is to grant plaintiff's <u>alternative</u> and **unopposed** *Motion to Permit Subsequent Application for Attorney's Fee and Costs.*

With respect to defendant's position that counsel's hours should be reduced by 24.9, assuming arguendo defendant argument is correct, the proper reduction would be 22. 9 hours since time spent in preparing the complaint would be compensable. Further, the undersigned is unaware of any binding 11th Circuit precedent on the issue of whether attorney's fees incurred in the pre-litigation administrative proceedings are compensable, but submits that in this case the administrative proceedings were so directly connected with the judicial proceedings that they should be deemed part of the civil action for purposes of a fee award.

**WHEREFORE**, plaintiff respectfully requests this Court grant his Motion for Attorney's Fees and Costs. Alternatively, in the event this court determines that plaintiff is not entitled to attorney's fees and costs incurred to date at this juncture in the proceedings, it is respectfully requested that the Court order that plaintiff be permitted to make subsequent application for those and other costs and fees in the event he prevails in recovering benefits in the administrative proceedings or in further litigation.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via U.S. mail this 2nd day of March, 2001, to **Gene D. Lipscher**, Esq., Alley, Maass, Rogers, & Lindsay, P.A., 321 Royal Poinciana Plaza South, P.O. Box 431 Palm Beach, FL 33480-

0431, and to **Joshua Bachrach**, Esq., Rawle & Henderson, the Widener Bldg, 16th Floor, One South Penn Square, 1339 Chestnut St., Philadelphia, Pa 19107.

BY: _____
LAWRENCE D. BACHE
Florida Bar No. 0557935
Attorney for Plaintiff
Law Office of Lawrence D. Bache
9000 West Sheridan Street, Suite 174
Pembroke Pines, Florida 33024
Phone: (954) 436-7376
Fax: (954) 436-2926

C:\MyFiles\Radican\Reply Atty Fees.wpd