cv-06024-WJZ   Document 27   Entered on FLSD Docket 05/22/2001   P

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6024-CIV-ZLOCH-Seltzer

| | |
|---|---|
| JAMES E. RADICAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RELIANCE STANDARD LIFE | ) |
| INSURANCE COMPANY, a Foreign, | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S SUPPLEMENT TO HIS FEBRUARY 9, 2001 MOTION FOR ATTORNEY'S FEES AND COSTS AND/OR ALTERNATIVELY, TO PERMIT SUBSEQUENT APPLICATION FOR SAME AND MEMORANDA OF LAW IN SUPPORT THEREOF

**COMES NOW** Plaintiff, JAMES E. RADICAN, through undersigned counsel and supplements his "Motion for Attorney's Fees and Costs, and/or Alternatively to Permit Subsequent Application for Same, and Memoranda of Law" dated February 9, 2001 and states:

Plaintiff's "Motion for Attorney's Fees and Costs and/or Alternatively to Permit Subsequent Application for same, and Memoranda of Law" dated February 9, 2001 is hereby supplemented solely with respect to the following two points:

-1-



(1) Reliance Standard Life Insurance Company ("RSL") (the self-interested fiduciary plan administrator) has demonstrated a further degree of culpability or bad faith in the proceedings upon remand; and

(2) additional attorney time has been spent by counsel in the administrative proceedings upon remand for which plaintiff seeks compensation (see supplemental affidavit attached).

## ARGUMENT

**I.      AS TO RSL's FURTHER CULPABILITY OR BAD FAITH IN THE ADMINISTRATIVE PROCEEDINGS UPON REMAND**

One of the five non-exclusive factors for consideration in determining eligibility for attorney's fees in an ERISA case is the degree of the culpability or bad faith of the party opposing an application for fees. RSL has failed to timely render a decision on plaintiff's claim after remand as described below, and this delay is indicative of further bad faith and culpability by RSL in its administration of plaintiff's claim.

In its January 12, 2001 Final Order of Remand this court stated in relevant part:

> The Court notes that it has the authority to remand ERISA claims to plan administrators when a plaintiff has additional evidence which might affect his eligibility for benefits. Thomas Shannon v. Jack Eckerd Corp., 113 F.3d 208, 210 (11th Cir. 1997); Jett v. Blue Cross and Blue Shield of Alabama, Inc., 890 F.2d 1137, 1140 (11th Cir. 1989). Such is the situation in the instant case, as the Plaintiff has submitted evidence that might affect his eligibility for receiving disability benefits from the Defendant. Specifically, the Plaintiff has evidence which suggests that he was a full-time employee at the time in question, and as such he would be eligible for the receipt of

> disability benefits from the Defendant. Thus, a remand to the plan administrator is appropriate.
>
> Accordingly . . . The above-styled cause be and the same is hereby **REMANDED** to the Plan Administrator for reconsideration of Plaintiff, James E. Radican's eligibility for benefits based on the Plaintiff's submission of evidence in response to information contained in the Defendant's final determination of ineligibility

On January 23, 2001 RSL wrote to plaintiff stating:

> We are in receipt of the court order remanding this matter to Reliance Standard Life Insurance Company for further review upon appeal of the denial. Kindly send to us within sixty days all documents that you would like to be considered during the appeal. <u>The review by Reliance Standard Life Insurance Company will begin in 60 days unless you advise us prior to that date that you have submitted all that you intend to submit</u>. (Emphasis added)

With letter dated March 8, 2001, and within 60 days, plaintiff forwarded to RSL four sworn affidavits for consideration, two of which had previously been attached to plaintiff's July 6, 2000 Motion to Remand.

On March 9, 2001 RSL wrote to plaintiff stating "If you have sent us all that you intend to have reviewed please let us know."

On March 15, 2001 plaintiff faxed a responsive letter to RSL stating that all documents for consideration had been forwarded.

More than 60 days have now passed since March 15, 2001 and RSL has failed to render a decision. The delay in determining plaintiff's eligibility for benefits upon remand

is further evidence of RSL's (the self-interested plan fiduciary) culpability and bad faith in administering its policy. (See plaintiff's Motion for Attorney's Fees and Costs).

More specifically, this Court remanded for a reconsideration of plaintiff's eligibility for benefits "based on the plaintiff's submission of evidence in response to information contained in the Defendant's final determination of ineligibility." The purpose of remand was to allow plaintiff to submit additional evidence in response to the evidence upon which RSL mainly relied but concealed until the final denial. More than sufficient time for a review of this evidence has passed, yet no decision has been made. It is respectfully submitted that RSL's failure to render a denial as of the date of this Motion is an excessive delay and constitutes further evidence of RSL's culpability or bad faith.

Further, RSL has unilaterally chosen to treat the Court's remand as an ERISA appeal stating in its letter faxed May 14, 2001:

> ERISA requires that we make a decision within 60 days of the date of the appeal but allows for an additional 60 days if circumstances do not permit us to make a decision within the initial 60 day time frame. Please allow this letter to serve as notice of our intention to take beyond 60 days to make a final decision on your appeal.

29 C.F.R. § 2560.503-1(h)(1)(i) which governs ERISA appeals provides that:

> <u>A decision by an appropriate named fiduciary shall be made promptly, and shall not ordinarily be made later than 60 days after the plan's receipt of a request for review, unless special circumstances **(such as the need to hold a hearing, if the plan procedure provides for a hearing)** require an extension of time for processing</u>, in which case a decision shall be rendered as soon as possible but not later than 120 days after receipt of a request for a review. (emphasis added)

Assuming arguendo the time frames for appeals set forth in 29 C.F.R. 2560(h)(l)(i) are applicable, defendant has failed to act in accordance with those provisions.[1] A 60 day extension is not automatic. An extension is warranted only when "special circumstances" (such as the need to hold a hearing, if the plan procedure provides for a hearing)" exist. There is no hearing procedure described in the governing plan, or other "special circumstances" in this matter warranting an extension beyond the 60 day period, which expired on May 15, 2001.

## II.     AS TO ADDITIONAL ATTORNEY'S FEES INCURRED IN THE ADMINISTRATIVE PROCEEDINGS UPON REMAND

See Plaintiff's Supplemental Affidavit of Attorney's Fees and Costs attached hereto.

**WHEREFORE**, Plaintiff respectfully requests this Court grant his Motion for Attorney's Fees and Costs as herein supplemented and award **$24,800.00** in attorney's fees ($21,900.00 itemized in affidavit attached to plaintiff's Motion for Attorney's fees and cost dated February 9, 2001 and $2,900.00 itemized in affidavit attached hereto) and **$409.41** in costs ($380.29 itemized in affidavit attached to plaintiff's Motion for Attorney's fees and cost dated February 9, 2001 and $29.12 itemized in affidavit attached hereto) **a total of Twenty Five Thousand Two Hundred Nine and 41/100 Dollars ($25,209.41)** and award

---

[1] In its May 14, 2001 letter RSL states that "Under the Employee Retirement Income Security Act (ERISA) of 1974 as amended, your client is entitled to an independent review of the claim facts and the determination made regarding their eligibility for benefits." The undersigned is unaware of any ERISA regulation as referenced, and even if such direction exists it would not be a "special circumstance" warranting an extension beyond the 60 day appeal period.

-5-

any and all other relief deemed just and equitable. Alternatively, in the event this court determines that, at this juncture, plaintiff is not entitled to attorney's fees and costs incurred to date, it is respectfully requested that the Court order that plaintiff be permitted to make subsequent application for those and other costs and fees in the event he prevails in recovering benefits in the administrative proceedings or in further litigation. .

Respectfully submitted this 18th day of May, 2001.

BY: _____
LAWRENCE D. BACHE
Florida Bar No. 0557935
Attorney for Plaintiff
Law Office of Lawrence D. Bache
9000 West Sheridan Street, Suite 174
Pembroke Pines, Florida 33024
Phone: (954) 436-7376
Fax: (954) 436-2926

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via fax this 18th day of May, 2001 and by U.S. mail the 19th day of May, 2001 to **Gene D. Lipscher**, Esq., Alley, Maass, Rogers, & Lindsay, P.A., Attorney for RSL, 321 Royal Poinciana Plaza South , P.O. Box 431 Palm Beach, FL 33480-0431 (fax: 561-833-2261) and to **Joshua Bachrach**, Esq., Rawle & Henderson, the Widener Bldg, 16th Floor, One South Penn Square, 1339 Chestnut St., Philadelphia, Pa 19107 (fax: 215-563-2583).

BY: _____
LAWRENCE D. BACHE
Florida Bar No. 0557935
Attorney for Plaintiff
Law Office of Lawrence D. Bache
9000 West Sheridan Street, Suite 174
Pembroke Pines, Florida 33024
Phone: (954) 436-7376
Fax: (954) 436-2926

\Mot Atty Fees Supp.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **00-624-CIV-ZLOCH-Seltzer**

| | |
|---|---|
| JAMES E. RADICAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RELIANCE STANDARD LIFE | ) |
| INSURANCE COMPANY, a Foreign, | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## SUPPLEMENT TO PLAINTIFF'S AFFIDAVIT
## OF ATTORNEY'S FEES AND COSTS

STATE OF FLORIDA )

COUNTY OF BROWARD )

BEFORE ME, the undersigned Notary Public, personally appeared, Lawrence D. Bache, Esq., to me well known, who, after being first duly sworn on his oath, deposes and, upon personal knowledge states as follows:

1. I am the attorney for the Plaintiff herein
2. That in such capacity, I have personal knowledge of time and costs expended by me in the above-styled action and detailed below.

| Date | Service | Time |
|---|---|---|
| 2/13/01 | Review e-mail form counsel for RSL; Draft response. | 0.5 |
| 2/15/01 | Phone conference with opposing counsel re: local rule attorney fee statement and other issues; Draft attorney fee statement. | 0.5 |
| 2/22/01 | Review RSL's response to Motion for attorney's fees and review cases cited. | 1.0 |
| 2/22/01 | Phone conference with Ed Pittman to locate Fisher and with Hope Fisher re: knowledge of situation/affidavit. | 0.8 |

| Date | Description | Hours |
|---|---|---|
| 2/23/01 | Draft Affidavit for Hope Fisher; Call to Ms. Fisher; Revisions to affidavit. | 1.0 |
| 2/26/01 | Problems with Hope Fisher receiving Affidavit re: phone calls, where to forward, etc. Revise. | 0.3 |
| 2/28/01 | Research case law re: attorney's fees and administrative proceedings; Review Response; Draft reply to Response; Phone calls. | 2.5 |
| 3/8/01 | Obtain and assemble new evidence; Draft letter and submit to RSL via fax and mail. | 0.6 |
| 3/15/01 | Review letter from opposing counsel re: further submissions; Draft Response to opposing counsel's letter re: remand/review. | 0.7 |
| 5/10/01 | Draft letter to opposing counsel re: delay in decision. | 0.2 |
| 5/11/01 | Exchange of series of letters re: fair claims procedure and delay. | 2.0 |
| 5/14/01 | Review letter from RSL (R. Walsh) re: decision/delay; Review law. | 0.4 |
| 5/15/01 | Phone conferences/Initial draft of supplement to Motion for Attorney's fees and costs. | 0.5 |
| 5/18/01 | Research claims procedure; Daft Supplement to Motion for Attorney's fees and costs; Affidavits in Support, revisions. | 3.5 |
| | Total hours: | 14.5 |

14.5 Hours @ $200 per hour = $2,900.00

### COSTS:

Overnight mail            29.12

### SUMMARY OF ALL FEES AND COSTS

| | |
|---|---|
| Fees as Itemized in Affidavit Dated 2/8/01: | $21,900.00 |
| Fees as Itemized Herein: | 2,900.00 |
| **Total Fees:** | **24,800.00** |

| | |
|---|---:|
| Costs as Itemized in Affidavit Dated 2/8/01: | $380.29 |
| Costs as Itemized Herein: | 29.12 |
| **Total Costs:** | **409.41** |

**TOTAL FEES AND COSTS:**     $25,209.41

FURTHER AFFIANT SAYETH NOT.

*[signature]*
LAWRENCE D. BACHE

Sworn to and subscribed before me this 18th day of May, 2001.

*[signature]*

Signature of Officer Administering Oath or
Notary Public, State of Florida

> Michael D Reynolds
> My Commission CC826053
> Expires May 8, 2003

_____
Print, Type or Stamp Commissioned Name of Notary
and Commission Expiration

Personally Known ✗ or Produced Identification _____
Type of Identification Produced _____