IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6024-CIV-ZLOCH-Seltzer

| | |
|---|---|
| JAMES E. RADICAN ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| FIRST RELIANCE STANDARD LIFE ) | |
| INSURANCE COMPANY, a foreign ) | REPLY MEMORANDUM IN SUPPORT |
| corporation, ) | OF DEFENDANT'S RENEWED |
| ) | CROSS-MOTION FOR SUMMARY |
| Defendant. ) | FOR SUMMARY JUDGMENT |
| ) | |

Defendant's motion for summary judgment should be granted because plaintiff has failed to establish that he is entitled to benefits under the policy. The term "full-time" employment is not ambiguous and specifically requires covered employees to work "40 hours" per week. The fact that plaintiff received his full salary does not mean that he complied with the terms of the plan. The new affidavits submitted by plaintiff do not substantiate plaintiff's claim that he was working "full-time" as required by the policy.

A. **Plaintiff Was Not A Full-Time Employee Under the Policy**

Plaintiff argues that he was a full-time employee because his employer classified him as such, and paid him a full salary. See brief of plaintiff at page 13. This argument ignores the definition of "full-time" set forth in the policy which requires an employee to work a minimum

0581128.01

of 40 hours per week. Both plan administrators and the courts are required to enforce the terms of ERISA plans as written. Katz v. Comprehensive Plan of Group Ins., 197 F.3d 1084 (11th Cir. 1999); Chiles v. Ceridian Corp., 95 F.3d 1505, 1515 (10th Cir. 1996); Jensen v. Sipco, Inc., 38 F.3d 945, 949 (8th Cir. 1994). Because plaintiff's requested definition of "full-time" is contrary to the terms of the plan, it must be rejected.

### B. Plaintiff's New Evidence

Following this Court's Order to Remand, plaintiff supplied affidavits from the following persons in an attempt to prove that plaintiff in fact achieved full-time status: (1) Hope E. Fischer, Benefits Administrator for Tarmac; (2) Marcel Aragon, a person who claims to have worked with plaintiff at Tarmac, position unspecified; (3) James E. Radican, plaintiff; and (4) Dr. Manuel Porth, plaintiff's physician. None of the affidavits, however, establish that plaintiff worked forty (40) hours per week at any time during calendar year 1996. See plaintiff's Exhibit "E." The affidavits merely contain conclusory statements that are contradictory to earlier ones made by these individuals and which are made without any factual support. Accordingly, it cannot be said that Reliance Standard's rejection of these affidavits is arbitrary or capricious.

Plaintiff previously submitted statements from co-workers that he worked less than 40 hours per week. Plaintiff has now submitted affidavits claiming that plaintiff worked 40 hours per week. These statements are inconsistent with the earlier statements and are an obvious attempt to fit this claim within the coverage. No support for this new claim was provided to Reliance Standard.

0581128.01

In the earlier denial letters, Reliance Standard advised plaintiff that these co-worker affidavits were insufficient because they did not state where or when the co-workers observed plaintiff working.[1] Plaintiff has not corrected this problem with the "revised" affidavits. No where do these new affidavits state where or in what capacity they worked with the plaintiff. This is especially important since plaintiff worked as a sales representative and was on the road much of the time. There is no evidence that any of these people traveled with Mr. Radican nor do they explain how they observed him working.

Each of these affidavits was obviously prepared by counsel for plaintiff and is virtually identical. Each states that the individual has personal knowledge that plaintiff performed "the material duties pertaining to his job in the place and manner in which his job was normally performed on a full-time basis." None of these affidavits, however, states which weeks during 1996 plaintiff was observed working, what the material duties of his job were or what duties were observed by the co-worker.

Plaintiff also submitted an affidavit by Hope Fischer who was the Benefits Administrator of Tarmac in 1996. Earlier, Ms. Fischer told Reliance Standard that plaintiff did not work full-time at any time in 1996. Ms. Fischer now tries to recant that statement by saying she had no personal knowledge when she made the statement. Oddly, Ms. Fischer now states that she believes that he was working more than 40 hours per week in 1996. How can this statement be

---

[1] Plaintiff asserts on page 17 of his Response Brief that the Reliance Standard is just now pointing out problems with the affidavits, but this is not true. As Reliance Standard previously stated, the affidavits are not sufficient because they lack information substantiating the claims made by the affiants.

0581128.01

taken seriously based on her admitted lack of personal knowledge? As stated in paragraph 6 of her affidavit, Ms. Fischer's change in position was based on letters from counsel for plaintiff. These are obviously one-sided. At the very least, counsel for plaintiff could have provided Ms. Fischer with the Reliance Standard denial letters so that she could have a full understanding of the decision. It is obvious that counsel for plaintiff did not want Ms. Fischer to arrive at the correct conclusion, but only the conclusion that he wanted.

RSL also received an affidavit from Manuel Porth, M.D. In January and September of 1996, Dr. Porth stated that plaintiff was not able to return to work due to his back problems. Dr. Porth merely states that he has no personal knowledge of whether plaintiff was working. Accordingly, even if Dr. Porth's opinions that plaintiff could not work are disregarded, the most that can be said is that Dr. Porth knows nothing about whether plaintiff was working. Dr. Porth's lack of knowledge cannot be used as proof that plaintiff was working.

Plaintiff has failed to submit sufficient evidence to establish that he complied with the terms of the policy and was therefore eligible for benefits. It is a claimant's burden to prove eligibility for benefits. See Horton v. Reliance Standard Life Insurance Company, 141 F.3d 1038, 1041 (11th Cir. 1998). Plaintiff asserts that Horton does not apply because Horton was reviewed under the *de novo* standard. See Plaintiff's Brief at page 26, n.14. This argument makes no sense. The plaintiff's burden to prove disability is the same whether the court reviews the decision *de novo* or under the arbitrary and capricious standard. Moreover, under the heightened standard of review applicable to this case, this court must first see whether the decision was

0581128.01

correct based on a *de novo* review.   See HCA Health Services of Georgia v. Employers Health Insurance Co., 240 F.3d 982 (11th Cir. 2001)

With respect to plaintiff's argument that there is evidence in the record that Mr. Radican was working full-time in 1996, defendant refers the court to the evidence identified in its original brief. This evidence includes multiple statements from plaintiff's employer that he was working part-time and the medical records that demonstrate that plaintiff's medical condition did not improve following surgery and that plaintiff was unable to return to work.

Reliance Standard clearly complied with its duty to investigate whether plaintiff was working. Reliance Standard contacted the employer and received letters from three separate individuals, all of whom stated that plaintiff had been working part-time. Reliance Standard also obtained copies of medical records which also showed that plaintiff was incapable of working full-time. This type of inquiry can only be considered reasonable. *See Shannon v. Jack Eckerd Corp.*, 113 F.3d 208 (11th Cir. 1997).

Information provided by the employer also supports Reliance Standard's decision. B. Edward Pittman, Vice President of Human Resources for Tarmac wrote to Reliance Standard on February 26, 1998. See plaintiff's Exhibit "C." In the letter, Mr. Pittman states that plaintiff "worked partial days in 1996 following his return to work from surgery." See plaintiff's Exhibit "C." Certainly, this comment supports defendant's position. Mr. Pittman argued, however, that plaintiff should be entitled to benefits because he was considered a full-time employee by Tarmac. For the reasons stated above, this view is unacceptable because it is contrary to the express terms

0581128.01

of the plan.

Reliance Standard also received a letter from Michael Unger, General Manager of a company affiliated with Tarmac. In the February 4, 1998 letter, Mr. Unger states that at the time plaintiff returned to work after surgery he was "allowed...to work on a part-time basis and continued to work on a part-time basis for over one year while receiving physical therapy and pain treatment." See plaintiff's Exhibit "C." The letter further states Mr. Radican was "incapable of performing his duties on a full-time basis." See plaintiff's Exhibit "C." Thus, all of the information received by defendant showed that plaintiff was working part-time at all times relevant to the claim.

For the reasons stated above and in defendant's initial brief, plaintiff was not an eligible insured at the time the alleged disability began. Accordingly, no benefits are owed and defendant is entitled to summary judgment in its favor.

Respectfully submitted,

RAWLE & HENDERSON

By: _____
Joshua Bachrach, Esquire (*pro hac vice*)
Attorney for Defendant Reliance Standard Life
Insurance Company
The Widener Building, 16th Floor
One South Penn Square
1339 Chestnut Street
Philadelphia, PA 19107
(215) 575-4200

0581128.01

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by via First Class U.S. Mail, postage prepaid, to Lawrence D. Bache, Esq., Fountains Executive Center, 9000 West Sheridan Street, Suite 174, Pembroke Pines, FL 33024, this 25th day of October, 2001.

>ALLEY, MAASS, ROGERS & LINDSAY, P.A.
>Attorneys for Defendant, Reliance
>P.O. Box 431
>321 Royal Poinciana Plaza, South
>Palm Beach, FL 33480-0431
>(561) 659-1770/ (561) 833-2261 Fax
>
>By: _____
>GENE D. LIPSCHER
>Florida Bar No. 904228

0581128.01