UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6024-CIV-ZLOCH



JAMES E. RADICAN,

    Plaintiff,

vs.                                  O R D E R

FIRST RELIANCE STANDARD LIFE
INSURANCE COMPANY, a foreign
corporation,

    Defendant.
_____/

    THIS MATTER is before the Court upon the Plaintiff, James E. Radican's Renewed Motion For Summary Judgment After Remand On The Issue Of Liability (DE 28) and the Defendant, First Reliance Standard Life Insurance Company's Cross-Motion For Summary Judgment (DE 30). This Court has carefully considered the merits of said Motions and the entire Court file herein and is otherwise fully advised in the premises.

    Under Rule 56(c), Fed.R.Civ.P., summary judgment is proper

> . . . if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

    To summarize, the moving party bears the initial burden to show the district court, by reference to materials on file, that

there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment. <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Everett v. Napper</u>, 833 F.2d 1507, 1510 (11th Cir. 1987). The standard for granting summary judgment is the same as the standard for granting a directed verdict. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). The Appellate Courts generally, therefore, will affirm the granting of summary judgment if on any part of the prima facie case there would be insufficient evidence to require submission of the case to a jury. <u>Anderson</u>, 477 U.S. at 252-256; <u>Barnes v. Southwest Forest Industries, Inc.</u>, 814 F.2d 607, 609 (11th Cir. 1987). The evidence of the non-movant is to be believed, however, and all justifiable inferences are to be drawn in his favor. <u>Anderson</u>, 477 U.S. at 255; <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158-59 (1970); <u>Barnes</u>, 814 F.2d at 609; <u>Borg-Warner Acceptance Corp. v. Davis</u>, 804 F.2d 1580, 1582 (11th Cir. 1986).

Nevertheless, where the moving party properly supports the

motion for summary judgment, "the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must, through affidavits or as otherwise provided in Fed.R.Civ.P. 56, designate specific facts showing that there is a genuine issue for trial." L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (internal quotations and citations omitted).

Upon review of the instant Motions For Summary Judgment (DE Nos. 28 & 30) and the entire court file herein, the Court finds that there exist genuine issues of material fact which preclude entry of judgment as a matter of law.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Plaintiff, James E. Radican's Renewed Motion For Summary Judgment After Remand On The Issue Of Liability (DE 28) and the Defendant, First Reliance Standard Life Insurance Company's Cross-Motion For Summary Judgment (DE 30) be and the same are hereby **DENIED**. A Pre-Trial Conference in this matter will be set by a separate Order of this Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of April, 2002.

_____
WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:
Lawrence D. Bache, Esq.
Gene D. Lipscher, Esq.