UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-624-CIV-ZLOCH-Seltzer

| | |
|---|---|
| JAMES E. RADICAN | ) |
| Plaintiff, | ) |
| vs. | ) |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, a Foreign, corporation, | ) |
| Defendants. | ) |

NIGHTBOX FILED

JUN 14 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## JOINT PRETRIAL STIPULATION

Plaintiff, JAMES E. RADICAN, and defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY ("RSL"), pursuant to this Court's Order dated May 21, 2002 and Rule 16.1(E) of the Local Rules of the United States District Court for the Southern District of Florida, submit their Joint Pretrial Stipulation.

1.   **STATEMENT OF THE CASE**

   Plaintiff's Statement

   This action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et. seq. In this 1132(a)(1)(B) action, plaintiff seeks to recover disability benefits he claims were wrongfully denied.

1

On January 12, 2001 the court entered an Order granting plaintiff's Motion to Remand "to the Plan Administrator for reconsideration . . ." denying the parties respective Motions for Summary Judgment as moot. At the conclusion of the administrative proceedings the parties filed renewed Motions for Summary Judgment after remand.

Due to back and related health problems, including but not limited to severe pain in the lower back and legs, which surgery in 1995 was unable to relieve, Radican became unable to work on or about January 1, 1997. Radican timely filed a claim for disability benefits with defendant, the administrator of the ERISA governed disability plan.

Defendant denied plaintiff's claim for disability benefits on the basis that plaintiff never met the criteria for eligibility set forth in the governing plan. More specifically, defendant determined that plaintiff was not a full time employee of Tarmac in 1996.

Plaintiff disputed defendant's denial of his claim for benefits. In the administrative proceedings in support of his claim, plaintiff submitted evidence which demonstrated: (1) that his status was that of a full-time employee in 1996; and (2) assuming an employee must work 40 hours per week during a week in 1996 to be eligible for benefits, he worked 40 hours per week during numerous weeks in 1996. This evidence included but is not limited to plaintiff's sworn affidavit and the affidavits of three co-workers in which each stated Radican worked 40 hours per week during numerous weeks in 1996, and affidavits and other evidence which showed that Tarmac had no part-time employees in 1996 and that the information upon which RSL claimed to have based its determination to deny benefits was inaccurate. (See Plaintiff's Renewed Motion for Summary Judgment after Remand).

RELIANCE received and has retained premiums (monthly) with respect to coverage for RADICAN for the entire year of 1996.

Defendant's Statement

Prior to October 31, 1995, Plaintiff was employed as a full-time Sales Representative for Tarmac America, Inc. ("Tarmac"). On or about October 31, 1995, Plaintiff underwent a "decompressive laminectomy due to his history of back pain and herniated disc with stenosis." He returned to work on a part-time basis and remained a part-time employee through December 31, 1996.

On January 1, 1996, a group long term disability insurance policy issued to Tarmac by Reliance Standard became effective. The policy provided coverage for full-time employees of Tarmac who were "actively at work," as part of Tarmac's employee welfare benefits plan. As part of its definition, the policy required such employees to demonstrate that they worked a minimum of 40 hours/week.

On or about November 3, 1997, Plaintiff made a claim for long term disability benefits under the policy. On April 6, 1998, Reliance Standard issued a letter to Plaintiff denying the claim because it had "received documentation from your employer which indicates you began working on a part-time basis on or about November 1, 1995 and continued to work part-time for over one year." During two telephone conversations with RSL, plaintiff stated that he worked part-time for approximately one year before he stopped working because his employer could no longer accommodate his part-time schedule. At no

time during this telephone conversations did Mr. Radican state that he had ever returned to work full-time after his surgery.

B. Edward Pittman, Vice President of Human Resources for Tarmac wrote to RSL on February 26, 1998. In this letter, Mr. Pittman states the plaintiff "worked partial days in 1996 following his return to work from surgery." Michael Unger, General Manager of a company affiliated stated that at the time plaintiff returned to work after surgery he was "allowed . . . to work on a part-time basis and continued to work on a part-time basis for over one year while receiving physical therapy and pain treatment." The letter further stated that Mr. Radican was "incapable of performing his duties on a full-time basis."

Dr. Porth stated on September 16, 1996 that Mr. Radican was still limited in his ability to work. Dr. Porth's medical records for that date state that "in spite of continued therapy, epidural blocks, analgesic medication, the use of physical therapy and corset immobilization, the patient continues to be symptomatic and is <u>unable to return to work</u> ..." Based on all of this evidence, RSL denied the claim.

On June 5, 1998, Plaintiff appealed the decision and submitted additional documentation in an effort to demonstrate compliance with the "full-time" requirement. The appeal was denied because none of the new information established that plaintiff ever returned to full time work. Plaintiff was advised of the denial and the fact that he had exhausted his administrative remedies.

On January 26, 1999, Plaintiff requested an additional appeal and although under no obligation to do so, Reliance Standard accepted additional documentation and reviewed the

claim again. However, Plaintiff again failed to demonstrate that he met the "full-time" employment requirement and the claim was denied on November 1, 1999. Thereafter, Plaintiff filed the instant action.

On January 12, 2001, the Court granted Plaintiff's request to remand the claim to Reliance Standard in order to provide Plaintiff with yet another opportunity submit documentation which would demonstrate compliance with the "full-time" requirement. Additional documentation, consisting solely of affidavits, was submitted and after review, Reliance Standard determined that Plaintiff did not demonstrate that he was a "full-time" employee.

2. **BASIS OF FEDERAL JURISDICTION**

The action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et. seq.

3. **PLEADINGS RAISING THE ISSUES**

The pleadings in this case consist of plaintiff's Complaint and RSL's Answer and Defenses.

4. **MOTIONS REQUIRING ACTION BY THE COURT**

Plaintiff's Renewed Motion for Summary Judgment After Remand;

Defendant's Renewed Motion for Summary Judgment After Remand.

5. **CONCISE STATEMENT OF UNCONTESTED FACTS REQUIRING NO PROOF AT TRIAL**

    A.    Effective January 1, 1996 and at all times material hereto defendant administered a Group Long Term Disability Insurance Policy for Tarmac employees.

    B.    Benefits Under defendant's disability policy are paid from the assets of defendant.

    C.    For more than 20 years prior to 1996, plaintiff was an employee of Tarmac America, Inc. (Tarmac)

    D.    Plaintiff ceased working on or about January 1, 1997

    E.    Plaintiff timely filed a claim for disability benefits with defendant

    F.    Defendant denied plaintiff's claim for disability benefits on the basis that he never met the eligibility criteria of the Plan.

    G.    The Administrative Record contains all information which Plaintiff contends supports his claim for coverage under the policy.

**6.    CONCISE STATEMENT OF ISSUES OF FACT WHICH REMAIN TO BE LITIGATED**

    A.    Whether defendant properly denied plaintiff's claim for disability benefits.

    B.    The amount of disability benefits, if any, plaintiff is entitled to recover.

    C.    Whether Plaintiff actively worked 40 hours/week through December 31, 1996.

**7.    CONCISE STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEMENT**

    A.    This action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et. seq.

    B.    The standard of review is the heightened arbitrary and capricious (abuse of discretion) standard.

    C.    The Court is limited to consideration of only the Administrative Record.

8. **CONCISE STATEMENT OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT**

    A.    Whether benefits were properly denied (mixed question of law and fact)

    B.    Whether under the applicable standard of review the burden rests with defendant to prove its interpretation of plan provisions was not tainted by self-interest and/or its determination was justified as benefitting the class of plan participants.

9.    A.    **PLAINTIFF'S EXHIBIT LIST**

        Attached hereto as exhibit "A"

    B.    **DEFENDANT'S EXHIBIT LIST (With Objections)**

        Attached hereto as exhibit "B"

10.    A.    **PLAINTIFF'S WITNESS LIST**

        Attached hereto as exhibit "C"

    B.    **DEFENDANT'S WITNESS LIST**

        Attached hereto as exhibit "D"

11. **ESTIMATED TIME OF TRIAL**

The parties estimate that if a trial were to occur on the issue of damages[1] the trial in this action will take four (4) hours.

12. **ESTIMATE OF THE MAXIMUM AMOUNT OF ATTORNEY'S FEES PROPERLY ALLOWABLE**

<u>Plaintiff's Statement</u>

Plaintiff estimates $40,000. The issue of entitlement and amount is a matter for later judicial determination

<u>Defendant's Statement</u>

Unknown at this time.

Dated: June 13th, 2002

BY: _____
GENE D. LIPSCHER
Florida Bar No.904228

Attorney for Defendant
Gene D. Lipscher, Esq.,
Alley, Maass, Rogers, & Lindsay, P.A.,
Attorney for RSL
321 Royal Poinciana Plaza South
P.O. Box 431
Palm Beach, FL 33480-0431
Phone: 561-659-1770
Fax: 561-833-2261

Dated: June 14th, 2002

BY: _____
LAWRENCE D. BACHE
Florida Bar No. 0557935

Attorney for Plaintiff
Law Office of Lawrence D. Bache
Fountains Executive Centre
9000 West Sheridan Street
Suite 174
Pembroke Pines, FL 33024
Phone: 954-436-7376
Fax: 954-436-2926

---

[1] The court's review under the arbitrary and capricious standard is confined to the evidence in the administrative record.

# EXHIBIT "A"

## Plaintiff's Exhibit List

*Radican v.. Reliance*; 00-624-CIV-ZLOCH-Seltzer

---

8. The governing Reliance group policy (exhibit "A" to plaintiff's Renewed Motion for Summary Judgment)

9. Reliance denial letter dated April 6, 1998 (exhibit "B" to plaintiff's Renewed Motion for Summary Judgment)

10. Reliance denial letter dated August 3, 1998 (exhibit "C" to plaintiff's Renewed Motion for Summary Judgment)

11. Reliance denial letter dated November 1, 1999 (exhibit "D" to plaintiff's Renewed Motion for Summary Judgment)

12. Reliance denial letter dated July 23, 2001 (exhibit "E" to plaintiff's Renewed Motion for Summary Judgment)

13. Affidavit of Radican dated April 17, 2000 (exhibit "F" to plaintiff's Renewed Motion for Summary Judgment)

14. Affidavit of Radican co-worker, Marcel Aragon, dated February 19, 2001 (exhibit "G" to plaintiff's Renewed Motion for Summary Judgment)

15. Affidavit of Radican co-worker, Thomas Mendez, dated April 25, 2000 (exhibit "H" to plaintiff's Renewed Motion for Summary Judgment)

16. Affidavit of Radican co-worker, Craig Leonard, dated April 26, 2000 (exhibit "I" to plaintiff's Renewed Motion for Summary Judgment)

17. Affidavit of Tarmac Benefits Administrator, Hope E. Fisher, dated March 2, 2001 (exhibit "J" to plaintiff's Renewed Motion for Summary Judgment)

18. Letter to Reliance from attorney Marika McVey Ostendorf dated January 5, 1998 (exhibit "K" to plaintiff's Renewed Motion for Summary Judgment)

19. Letter to Reliance from attorney Lawrence D. Bache dated January 26, 1999 with attached affidavits (composite exhibit "L" to plaintiff's Renewed Motion for Summary Judgment)

20. Letter to Reliance from B. Edward Pittman, vice-president of human resources for Tarmac dated February 26, 1998 (exhibit "M" to plaintiff's Renewed Motion for Summary Judgment)

21. Affidavit of B. Edward Pittman, vice president of Human Resources for Tarmac dated April 20, 2000 (exhibit "N" to plaintiff's Renewed Motion for Summary Judgment)

22. Affidavit of Manuel Porth, M.D. dated June 28, 2000 (exhibit "O" to plaintiff's Renewed Motion for Summary Judgment)

23. All exhibits listed on defendant's exhibit list

# EXHIBIT "B"

Defendant's Exhibit List

*Radican v. Reliance*; 00-624-CIV-ZLOCH-Seltzer

---

1. The administrative record and RSL LTD policy. Defendant objects to the introduction of any additional evidence as the Court is limited to the administrative record under ERISA.

## EXHIBIT "C"

### Plaintiff's Witness List

*Radican v.. Reliance*; 00-624-CIV-ZLOCH-Seltzer

---

1. James Radican
   5005 Wiles Road, Apt. 108
   Coconut Creek, FL 33073

2. Marcel Aragon
   Address unknown at this time

3. Thomas Mendez
   Address unknown at this time

4. Craig Leonard
   Address unknown at this time

5. Dr. Manuel Porth
   7421 N. University Drive, #107
   Tamarac, FL 33321

6. B. Edward Pittman
   P.O. Box 2016
   Norfolk, VA 23501

7. Hope E. Fisher
   2288 Huckleberry Trail
   Virginia Beach, VA 23456

8. All witnesses listed on defendant's witness list

\JPT Stip.wpd

1

# EXHIBIT "D"

## Defendant's Witness List

*Radican v.. Reliance*; 00-624-CIV-ZLOCH-Seltzer

---

1. Defendant does not believe that witness testimony is allowed as the Court is limited to the administrative record under ERISA. To the extent that any witness testimony is allowed, defendant will call Richard Walsh.

\184453.1