IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

JAMES E. RADICAN

v.   :   CASE NO.: 00-6024-CIV-ZLOCH-
     :   Magistrate: Judge B. Seltzer

RELIANCE STANDARD
LIFE INSURANCE COMPANY

### DEFENDANT'S TRIAL BRIEF

Defendant Reliance Standard Life Insurance Company ("RSL"), by its attorneys, hereby submits this trial brief. For the reasons set forth below and based upon the administrative record, Reliance Standard is entitled to judgment in its favor.

### I. FACTUAL HISTORY

Prior to October 31, 1995, plaintiff was employed as a full-time Sales Representative for Tarmac America, Inc. ("Tarmac"). On or about October 31, 1995, plaintiff underwent a "decompressive laminectomy due to his history of back pain and herniated disc with stenosis." He returned to work on a part-time basis and remained a part-time employee through December 31, 1996.

On January 1, 1996, a group long term disability insurance policy issued to Tarmac by Reliance Standard became effective. The policy provided coverage for full-time employees of Tarmac who were "actively at work," as part of Tarmac's employee welfare benefit plan. As part of its definition, the policy required such employees to demonstrate that they worked a minimum of 40 hours per week.

0676563.01

## II.   CLAIM HISTORY

On or about November 3, 1997, Plaintiff made a claim for long term disability benefits under the policy. On April 6, 1998, Reliance Standard issued a letter to plaintiff denying the claim because it had "received documentation from your employer which indicates you began working on a part-time basis on or about November 1, 1995 and continued to work part-time for over one year." Based on all evidence within the record, Reliance Standard denied the claim.

On June 5, 1998, plaintiff appealed the decision and submitted additional documentation in an effort to demonstrate compliance with the "full-time" requirement. The appeal was denied because none of the new information established that plaintiff ever returned to full time work. Plaintiff was advised of the denial and the fact that he had exhausted his administrative remedies.

On January 26, 1999, plaintiff requested an additional appeal and although under no obligation to do so, Reliance Standard accepted additional documentation and reviewed the claim again. However, plaintiff again failed to demonstrate that he met the "full-time" employment requirement and the claim was denied on November 1, 1999. Thereafter, plaintiff filed the instant action.

On January 12, 2001, the court granted plaintiff's request to remand the claim to Reliance Standard in order to provide Plaintiff with yet another opportunity to submit documentation which would demonstrate compliance with the "full-time" requirement. Additional documentation, consisting solely of affidavits, was submitted and after review, Reliance Standard determined that plaintiff did not demonstrate that he was a "full-time" employee.

0676563.01

2

## III. DISCRETIONARY AUTHORITY GRANTED BY POLICY

The policy states as follows:

> Reliance Standard Insurance Company shall serve as the claims review fiduciary with respect to the insurance policy and the Plan. The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits. Decisions by the claims review fiduciary shall be complete, final and binding on all parties.

Where, as in this case, the party making decisions on eligibility is granted discretionary authority. The deferential arbitrary and capricious standard of review is applied to its decisions. See Firestone Tire and Rubber Company v. Bruch, 489 U.S. 101, 109 S.Ct. 948 (989); Buckley v. Metropolitan Life Insurance Company, 115 F.3d 936, 939 (11th Cir. 1999). Under this deferential standard of review, the fiduciary's decision must be affirmed it is reasonable, even if the court would have come to a different conclusion independently. Ellis v. Metropolitan Life Insurance Company, 126 F.3d 228, 232 (4th Cir. 1997).

Reliance Standard anticipates that plaintiff will argue that the heightened arbitrary and capricious standard should be applied since Reliance Standard is responsible for making decisions on claims and is also responsible for paying benefits. See Brown v. Blue Cross and Blue Shield of Alabama, Inc., 898 F.2d 1556 (11th Cir. 1990). For the reasons discussed below, Reliance Standard's decision to deny the claim should be affirmed by this court under the first prong of the applicable tests because its decision is legally correct. Moreover, the denial of this claim promotes the interest of all plan participants because it guarantees that only eligible individuals may recover

0676563.01

3

benefits thus maintaining the premiums at an affordable level. Therefore, Reliance Standard's decision is entitled to the utmost deference.

### IV.   LEGAL DEFENSE

In order to be covered under the policy, a person must be an "active, Full-time employee." The policy defines "Full-time" as "working for [Tarmac] for a minimum of 40 hours during a person's regular work week." Plaintiff's claim was denied because Reliance Standard did not receive adequate evidence that plaintiff worked 40 hours per week at any time while the policy was in effect.

Plaintiff essentially argues that he was a full-time employee because his employer classified him as such, paid him a full salary and granted to him full benefits. This argument ignores the definition of "Full-time" stated in the policy which requires an employee to work a minimum of 40 hours per week. The courts are required to enforce the terms of ERISA plans as written. Katz v. Comprehensive Plan of Group Ins., 197 F.3d 1084 (11th Cir. 1999); Chiles v. Ceridian Corp., 95 F.3d 1505, 1515 (10th Cir. 1996); Jensen v. Sipco, Inc., 38 F.3d 945, 949 (8th Cir. 1994). Because plaintiff's requested definition of "Full-time" is contrary to the terms of the plan, it must be rejected.

It is simply irrelevant that in 1996, Mr. Radican was paid and received benefits as a full-time employee of Tarmac. It is also irrelevant to the issue of coverage that Reliance Standard accepted premiums. The subject plan is self-administered. Accordingly, all of the enrollment functions are carried out by the employer. Under the "RECORDS MAINTAINED" section of the policy, the employer must provide to Reliance Standard "essential data of the insurance,

0676563.01

4

including new persons, terminations, changes, etc." The policy further requires Tarmac to provide this information "regularly."

Pursuant to this provision in the policy, Reliance Standard relies on the information provided by the policyholder. Reliance Standard had no way of knowing that plaintiff was not working full-time in 1996. Accordingly, plaintiff does not have a valid estoppel claim. See Katz, supra (holding that estoppel under ERISA only applies to the interpretation of ambiguous plan terms). Additionally, there was no valid waiver of the eligibility requirements. See Sippel v. Reliance Standard Life Insurance Company, 128 F.3d 1261 (8th Cir. 1997) (holding that mere acceptance of premiums cannot provide a basis for coverage that otherwise does not exist).

None of the information provided to Reliance Standard during its initial investigation supported plaintiff's claim of eligibility. As noted above, on the initial claim form, plaintiff stated that on his last day of work he was working part-time and "recovering from surgery." During two telephone conversations with Reliance Standard, plaintiff stated that he worked part-time for approximately one year before he stopped working because his employer could no longer accommodate his part-time schedule. At no time during these telephone conversations did plaintiff state that he had ever returned to work full-time after his surgery.

Information provided by the employer also supports Reliance Standard's decision. B. Edward Pittman, Vice President of Human Resources for Tarmac wrote to Reliance Standard on February 26, 1998 and stated that plaintiff "worked partial days in 1996 following his return to work from surgery." Certainly, this comment supports Reliance Standard's position. Mr. Pittman argued, however, that plaintiff should be entitled to benefits because he was considered a full-time

0676563.01

employee by Tarmac. For the reasons stated above, this view is unacceptable because it is contrary to the express terms of the plan.

Reliance Standard also received a letter from Michael Unger, General Manager of a company affiliated with Tarmac. In the February 4, 1998 letter, Mr. Unger states that at the time plaintiff returned to work after surgery he was "allowed...to work on a part-time basis and continued to work on a part-time basis for over one year while receiving physical therapy and pain treatment." The letter further states plaintiff was "incapable of performing his duties on a full-time basis." Thus, all of the information received by Reliance Standard showed that plaintiff was working part-time at all times relevant to the claim.

The medical records submitted to Reliance Standard also did not support plaintiff's claim that he worked full-time at any point during 1996. Plaintiff's treating physician, Dr. Manuel Porth states on January 1, 1996 that plaintiff was "advised to remain out of work for the next 6 months for medical reasons." The doctor did not state, however, that plaintiff would definitely be able to return at that time.

Later records from Dr. Porth confirmed that plaintiff was having physical problems after his surgery. On March 22, 1996, Dr. Porth noted that plaintiff's condition "has not significantly improved." Dr. Porth further states that plaintiff "is still unable to return to this job."

Two documents from Dr. Porth dated September 16, 1996 demonstrate that plaintiff was still limited in his ability to work. Dr. Porth's medical records for that date state that "in spite of continued therapy, epidural blocks, analgesic medications, the use of physical therapy and corset immobilization, the patient continues to be symptomatic and is <u>unable to return to work</u>." In a

0676563.01

letter dated September 16, 1996, Dr. Porth repeats that plaintiff had "essentially no improvement" in his condition. Moreover, the doctor stated that plaintiff "is found totally disabled with respect to employment and is advised to remain out of work until further notice."

The records described above provide more than a reasonable basis for Reliance Standard's decision. These records establish that plaintiff did not work full-time, as defined by the policy as consisting of working a minimum of 40 hours per week, at any time after the policy went into effect. Therefore, Reliance Standard's decision was correct and should be affirmed by this court.

Realizing the effect of the responses on his claim, plaintiff attempted to rescind and revise nearly all of the statements that he made to Reliance Standard as well as the statements made by Tarmac. For example, in an affidavit that was subsequently provided to Reliance Standard, plaintiff stated that he did not actually mean that he worked part-time throughout 1996 as previously stated. Plaintiff now claimed that he only worked part-time in 1996 during those weeks that he received physical therapy and/or pain treatment, which numbered less than 12. This statement is flatly contradicted by the medical records mentioned above. As of March 22, 1995, Dr. Porth stated that plaintiff was still unable to return to his job. This time frame alone spans 12 weeks. Moreover, Dr. Porth's September 16, 1996 letter declared plaintiff totally disabled and the doctor advised plaintiff to stay out of work. Accordingly, plaintiff was either out of work or working part-time a great deal more than the 12 weeks he claimed.

At the request of plaintiff, Mr. Unger provided defendant with an affidavit in which he too claimed that his earlier statements were inaccurate. In his affidavit, Mr. Unger stated that plaintiff worked only part-time in 1996. It is hard to imagine how else his words can be

0676563.01

interpreted. Mr. Unger earlier stated that plaintiff was allowed to return to work "on a part-time basis and continued to work on a part-time basis for over one year while receiving physical therapy and pain treatment." He also stated that plaintiff was "incapable of performing his duties" on a full-time basis. Once again, these words clearly reflect a lack of full-time employment by plaintiff. It was not until after the claim was denied that Mr. Unger sought to "clarify" his statements.

Plaintiff offers no response to the letter from Mr. Pittman which states that he worked "partial days in 1996 following his return to work from surgery." With respect to the comments of Ms. Fischer, plaintiff simply argues that Ms. Fischer did not state that plaintiff did not work full-time in 1996 and that her office is located in Virginia rather than Florida where he worked. These arguments lack merit.

Plaintiff also relies on affidavits from some co-workers in support of his claim that he worked full-time in 1996. These affidavits are of little value. Both of the co-workers state that they worked with plaintiff "throughout 1996." This information is obviously false based on the medical records described above. Moreover, the affidavits fail to explain what if any job duties were observed, where plaintiff was working and any specific dates when this took place. It should be noted that plaintiff's job involved extensive travel, therefore, one has to question where these individuals allegedly saw plaintiff work.

Finally, plaintiff has confirmed his ineligibility for benefits. In an earlier brief submitted by plaintiff in this action, he stated that "there was no way for plaintiff to establish his eligibility for benefits, because he was a salaried and not an hourly employee." "A plaintiff suing under

0676563.01

8

[Section 502(a)(1)(b) of ERISA] bears the burden of proving his entitlement to contractual benefits." <u>Horton v. Reliance Life Insurance Company</u>, 141 F.3d 1038, 1941 (11th Cir, 1998). Plaintiff's statement is a concession that he failed to meet his burden.[1]

## V. CONCLUSION

For the reasons stated above and based upon the administrative record in this case, plaintiff failed to sustain his burden of proving that he was eligible for coverage under the policy. Therefore, Reliance Standard is entitled to judgment in its favor and in accordance with the following Proposed Findings of Fact and Conclusions of Law.

### DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### 1. FINDINGS OF FACT

1. Plaintiff was an employee of Tarmac America, Inc. ("Tarmac") until December 31, 1996.

2. Plaintiff stopped working full time on October 31, 1995, when he underwent back surgery. Thereafter, plaintiff returned to work on a part-time basis (i.e. working less than 40 hours/week).

3. Policy number LSC 98,842 was issued to Tarmac by Reliance Standard Life Insurance Company ("Reliance Standard") as part of Tarmac's employee welfare benefit plan and became effective on January 1, 1996.

4. The Policy includes, as a condition for coverage, a requirement that employees are actively working on a full-time basis.

---

[1] Moreover, Reliance Standard disputes that an employee who works in a capacity similar to plaintiff can not establish eligibility for benefits. Either plaintiff, his employer or his co-workers could have identified specific projects that plaintiff performed along with dates that he was observed working full-time. They failed to do so, however.

0676563.01

5. Under the terms of the policy, employees who are working on a full-time basis are those who are working at least 40 hours.

6. Plaintiff was not working at least 40 hours since prior to October 31, 1995 and therefore was not covered under the policy.

2. **CONCLUSIONS OF LAW**

1. The policy grants discretionary authority to Reliance Standard to make benefit determinations.

3. Subjective evidence provided by plaintiff was insufficient to demonstrate full-time employment.

4. Reliance Standard properly found that plaintiff was not covered under the policy because he was not a full-time employee and he is therefore not entitled to benefits

5. Reliance Standard's decision to deny coverage was not arbitrary or capricious.

ALLEY, MAASS, ROGERS & LINDSAY, P.A.

By: _____
Gene D. Lipscher, Esquire
Attorney for Reliance Standard Life
Insurance Company
321 Royal Poinciana Plaza South
Palm Beach, FL 33480
(561) 659-1770
(561) 833-2261 Fax

0676563.01

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by via First Class U.S. Mail, postage prepaid, to Lawrence D. Bache, Esq., Fountains Executive Center, 9000 West Sheridan Street, Suite 174, Pembroke Pines, FL 33024, this 18th day of June, 2002.

ALLEY, MAASS, ROGERS & LINDSAY, P.A.
Attorneys for Defendant
P.O. Box 431
321 Royal Poinciana Plaza, South
Palm Beach, FL 33480-0431
(561) 659-1770/ (561) 833-2261 Fax

By: _____
GENE D. LIPSCHER
Florida Bar No. 904228

0676563.01