UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

6024

Case No. 00-624-CIV-ZLOCH-Seltzer

| | |
|---|---|
| JAMES E. RADICAN | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| RELIANCE STANDARD LIFE | ) |
| INSURANCE COMPANY, a Foreign, | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

NIGHT BOX
FILED

JUN ? 1 2002

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

**PLAINTIFF'S MEMORANDUM OF LAW PURSUANT TO
RULE 16.1J ON THE ISSUE OF STANDARD OF REVIEW**

COMES NOW Plaintiff, JAMES E. RADICAN, by and through his undersigned counsel and, pursuant to Local Rule 16.1J, files this memorandum treating an unusual question of law, the appropriate standard of review to be applied in this case and states:

**THE HEIGHTENED ARBITRARY AND CAPRICIOUS (ABUSE
OF DISCRETION) STANDARD OF REVIEW IS APPLICABLE**

There is no dispute that RSL is an insurance company paying out to beneficiaries from its own assets. There is an inherent conflict of interest when the fiduciary making a discretionary decision is also the insurance company responsible for paying claims. *Brown v. Blue Cross and Blue Shield of Alabama, Inc.* 898 F.2d 1556, 1559 (11th Cir. 1990), cert. denied, 498 U.S. 1040, 111 S.C. 712, 112 LED.2d 701 (1991). A "strong conflict of interest [exists] when the fiduciary making the discretionary decision is also the insurance company

1

41

responsible for paying the claims . . ." *Brown*, supra at 1562; also see *Anderson v. Blue Cross/Blue Shield of Alabama*, 907 F.2d 1072 (11th Cir. 1990). "A finding of a conflicting interest has a tremendous impact on the evaluation of a fiduciary's action." *Brown*, supra at 1565. The level of deference to be afforded a fiduciary is significantly diminished where a conflict of interest exits. Under such circumstances, the proper deference "may be slight, even zero." *Brown*, supra; *Godfrey v. BellSouth Telecommunication*, 898 F.2d 1556, 1559 (11th Cir. 1990).

Moreover, as stated in *Brown*, supra, at 1566, where a conflict of interest exists, as in this case, a heightened arbitrary and capricious standard of review is applicable, and, "the burden shifts to the fiduciary to prove that its <u>interpretation of plan provisions</u> committed to its discretion was not tainted by self-interest." (emphasis added). Where a claimant has proposed a reasonable interpretation of the plan provisions, the burden shifts to the conflicted fiduciary to present evidence to prove that its interpretation of the policy was not motivated by self interest. *Lee v. Blue Cross/Blue Shield of Alabama*. 10 Fd.3d 1547 (11th Cir. 1994).

The plan provisions subject to interpretation in this case are the "Eligibility Requirements" for coverage. (See Argument I, pgs. 12-16 of Plaintiff's Renewed Motion for Summary Judgment). In its Renewed Motion for Summary Judgment, RADICAN has offered a reasonable interpretation of the pertinent plan terms. (See pgs. 12-16 of Plaintiff's Renewed Motion for Summary Judgment and pgs. 13-16 of Response to Defendant's Renewed Cross Motion for Summary Judgment). It is respectfully submitted that RADICAN's interpretation of the relevant plan terms is correct on that basis alone and

summary judgment in his favor should be granted. If the interpretation of "full-time" contended for by RSL is to be at all entertained, then such consideration would necessarily mean that ambiguity exists. If the court gives credence to RSL's different interpretation of the relevant plan terms, the burden is on RSL to demonstrate that its interpretation is not motivated by self-interest.

The only evidence RSL produced related to this issue is contained in the affidavit of RSL employee James A. Wilson, Jr. (Exhibit "A" to defendant's Response to Plaintiff's Amended Motion for Summary Judgment). The general statement of RSL employee James A. Wilson, Jr. in his affidavit that RSL's denial was not motivated by self-interest because it allows RSL to maintain premiums at an affordable level, is conclusory, self-serving, and unsupported by any evidence.

**Respectfully submitted this 21st day of June, 2002.**

By: _/s/ Lawrence D. Bache_
LAWRENCE D. BACHE
Florida Bar No. 0557935
Law Office of Lawrence D. Bache
9000 West Sheridan Street, Suite 174
Pembroke Pines, Florida 33024
(954) 436-7376; Fax (954) 436-2926

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via U.S. mail this 21st day of June, 2002 to **Gene D. Lipscher**, Esq., Alley, Maass, Rogers, & Lindsay, P.A., Attorney for RSL, 321 Royal Poinciana Plaza South, P.O. Box 431 Palm Beach, FL 33480-0431 and to **Joshua Bachrach**, Esq., Rawle & Henderson, the Widener Bldg, 16th Floor, One South Penn Square, 1339 Chestnut St., Philadelphia, PA 19107.

By: _____
LAWRENCE D. BACHE
Florida Bar No. 0557935
Law Office of Lawrence D. Bache
9000 West Sheridan Street, Suite 174
Pembroke Pines, Florida 33024
(954) 436-7376; Fax (954) 436-2926

\Standar Rvw Memo.wpd