UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6024-CIV-ZLOCH



FILED by _____ D.C.

AUG 29 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

JAMES E. RADICAN,

    Plaintiff,

vs.

**FINAL JUDGMENT**

RELIANCE STANDARD LIFE
INSURANCE COMPANY, a foreign
corporation,

    Defendant.
_____/

THIS MATTER is before the Court upon the Plaintiff, James E. Radican's Complaint (DE 1) and the Administrative Record (DE 43). This Court has carefully considered the merits of said Complaint and has reviewed the Administrative Record and the entire Court file herein and is otherwise fully advised in the premises.

I.  Procedural Background

The Plaintiff, James E. Radican (hereinafter "Radican"), commenced the above-styled cause by filing a Complaint in Florida state court (DE 1) seeking damages pursuant to the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001, et seq. Specifically, the Plaintiff alleges that the Defendant wrongfully denied his claim for disability benefits under a group long term disability insurance policy issued by the Defendant to Radican's former employer, Tarmac America, Inc. The



Defendant, Reliance Standard Life Insurance Company (hereinafter "RSL"), timely removed this matter to Federal court. RSL denies Radican's allegations and has raised a number of affirmative defenses. The Court has jurisdiction over the above-styled cause pursuant to 28 U.S.C. § 1331.

The Court notes that by previous Order dated January 12, 2001 (DE 20), this Court remanded the instant action to the Plan Administrator for reconsideration "based on the Plaintiff's submission of evidence in response to information contained in the Defendant's final determination of eligibility." Thereafter, Radican submitted additional evidence to RSL regarding his eligibility for the benefits at issue. However, RSL again denied Radican's claim. Both parties then filed Motions For Summary Judgment (DE Nos. 28 & 30). By prior Order (DE 34) this Court denied said Motions for Summary Judgment and set this cause for a pre-trial conference. At the pre-trial conference the parties, without any urging from the Court, stipulated that the Court make a determination of Radican's claim on the basis of the administrative record and not via a bench trial. Thus, the Court will now determine whether RSL improperly denied Radican's claim for benefits.

## II. Factual History

The facts giving rise to Radican's Complaint are as follows. Radican was an employee of Tarmac America, Inc. (hereinafter

2

"Tarmac") from approximately 1965 and ending on or about January 1, 1997. Tarmac, through RSL, provided its employees with health care and in 1996 disability coverage. (DE 43, Admin. Rec. at RSL00002). This group policy is an employee welfare benefit plan (hereinafter "the Plan") and is governed by ERISA.

In late October of 1995, Radican underwent a "decompressive laminectomy due to his history of back pain and herniated disc with stenosis." (Id. at RSL00064). Radican claims that this operation did not improve his condition and thus, he was unable to work for Tarmac beginning on or about January 1, 1997. Thereafter, Radican filed a claim with RSL for his long term disability benefits under the Plan. In April of 1998, RSL denied this claim, as it concluded that Radican was not a full-time employee in 1996 and consequently did not meet the eligibility requirements of the Plan. Radican appealed this denial and again was denied by RSL. Radican then filed the instant lawsuit against RSL to recover benefits he claims he is entitled to under the Plan as he alleges that RSL incorrectly determined his eligibility for the aforementioned benefits.

### III. ERISA Standard Of Review

The Court notes that the Eleventh Circuit "has adopted the following standards for reviewing administrators' plan interpretations: (1) *de novo* where the plan does not grant the administrator discretion[;] (2) arbitrary and capricious [where] the plan grants the administrator discretion; and (3) heightened

3

arbitrary and capricious where there is a conflict of interest." HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 993 (11th Cir. 2001) (quoting Buckley v. Metro. Life, 115 F.3d 936, 939 (11th Cir. 1997)). The Court further notes that when reviewing a claims administrator's benefits determination, it must follow a series of steps. Id. "At each step, the [C]ourt makes a determination that results in either the progression to the next step or the end of the inquiry." Id.

The first step requires the Court to look at the plan documents to determine whether they grant the claims administrator discretion to interpret disputed terms. Id. If so, the Court applies arbitrary and capricious review, or possibly heightened arbitrary and capricious review. Id. "Regardless of whether arbitrary and capricious or heightened arbitrary and capricious review applies, the [C]ourt evaluates the claims administrator's interpretation of the plan to determine whether it is 'wrong.'" Id. "Wrong" means that after reviewing the plan documents and disputed terms de novo, the [C]ourt disagrees with the claims administrator's interpretation of the plan. Id. at n.23. If the administrator's interpretation of the plan is correct, then the inquiry ends. Collins v. American Cast Iron Pipe Co., 105 F.3d 1368, 1371 (11th Cir. 1997).

If, however, the Court determines that the claims administrator's interpretation of the plan is wrong, the Court must

then decide whether "'the claimant has proposed a reasonable interpretation of the plan.'" HCA Health Servs., 240 F.3d at 994 (citation omitted). A determination by the Court that the claimant's interpretation of the plan is reasonable, however, does not mean that the claimant will prevail. This is so because the plan documents explicitly grant the claims administrator discretion to interpret the plan. Id. Therefore, "[t]o find a claims administrator's interpretation arbitrary and capricious, the [C]ourt must overcome the principle of trust law which states that a trustee's interpretation will not be disturbed if it is reasonable." Id. "Thus, the next step requires the [C]ourt to determine whether the claims administrator's wrong interpretation is nonetheless reasonable." Id. If so, then the claims administrator's wrong but reasonable interpretation is entitled to deference. Id.

The claims administrator's wrong but reasonable interpretation is not entitled to deference, however, when the claims administrator suffers from a conflict of interest. Id. Therefore, the next step is for the Court to "gauge the self interest of the claims administrator." Id. If no conflict of interest is present, then the arbitrary and capricious standard applies and the claims administrator's wrong but reasonable interpretation will be upheld. Id. If a conflict of interest is present, then the Court will apply heightened arbitrary and capricious review. Id. Under the

5

heightened arbitrary and capricious review, the burden shifts to the claims administrator to show that its interpretation is not tainted by self interest. <u>Id.</u> If the Court finds that the claims administrator has failed to show that its interpretation is not tainted by self interest, then the claims administrator's interpretation is not entitled to deference. <u>Id.</u> at 995.

IV. <u>Discussion</u>

As noted above, the first step requires the Court to look at the Plan to determine whether RSL has discretion to interpret disputed terms. In the Eleventh Circuit, a de novo review is required unless the plan at issue "*expressly* provides the administrator discretionary authority to make eligibility determinations or to construe the plan's terms." <u>Kirwan v. Marriott Corp.</u>, 10 F.3d 784, 788 (11th Cir. 1994). Thus, the Eleventh Circuit has found that an administrator has discretion when the plan at issue provided that "'determinations shall be final and conclusive so long as they are reasonable determinations which are not arbitrary and capricious.'" <u>Id.</u> (citing <u>Brown v. Blue Cross and Blue Shield of Alabama, Inc.</u>, 898 F.2d 1556, 1559 (11th Cir. 1990). Likewise, the Eleventh Circuit has applied the arbitrary and capricious standard when the plan at issue "confer[red] upon the administrator 'full and exclusive authority to determine all questions of coverage and eligibility' and 'full power to construe the provisions' of the plan." <u>Id.</u> (citing <u>Guy v.</u>

<u>Southeastern Iron Workers' Welfare Fund</u>, 877 F.2d 37, 38-39 (11th Cir. 1989).

Here, the Plan provides that

> Reliance Standard Life Insurance Company shall serve as the claims review fiduciary with respect to the insurance policy and the Plan. The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits. Decisions by the claims review fiduciary shall be complete, final, and binding on all parties.

(DE 43, Admin. Rec. at RSL00010). The Court finds this language to be an express grant of discretionary authority conferred upon RSL to make eligibility determinations and to interpret disputed terms within the Plan. Therefore, the Court must apply either the arbitrary and capricious or heightened arbitrary and capricious standard. However, as noted above, "[r]egardless of whether arbitrary and capricious or heightened arbitrary and capricious review applies" the Court must determine whether RSL's interpretation of the Plan was wrong. <u>HCA Health Servs.</u>, 240 F.3d at 993. If the Court determines that RSL correctly interpreted the Plan, then the Court's inquiry ends. <u>Collins</u>, 105 F.3d at 1370 ("If the administrator's interpretation was correct, then the inquiry ends.").

At issue here is whether Radican was a full time employee of Tarmac in 1996, which would have made him eligible for benefits under the Plan. The Court notes that only active, full-time employees were eligible for the Plan. (DE 43, Admin. Rec. at RSL00005). In addition, eligibility for the Plan was divided

between two categories, "Class A" and "Class B." Id. Radican fell into "Class A" which was defined as follows:

> Class A: employee earning $59,000.00 or more per year who:
> (1) is engaged in a non-hazardous occupation; and
> (2) functions primarily in an office environment.

Id.

According to the Plan, "Full-time" meant working for Tarmac a minimum of 40 hours during a person's regular work week. Id. at RSL00007. Finally, the Plan defined "Actively at Work" and "Active Work" as:

> actually performing on a Full-time basis the material duties pertaining to his/her job in the place where and the manner in which the job is normally performed. This includes approved time off such as vacation, jury duty, and funeral leave, but does not include time off as a result of an Injury or Sickness.

Id.

Initially, the Court notes that under ERISA, Radican has the burden of proving his entitlement to the benefits in question. Horton v. Reliance Life Insurance Company, 141 F.3d 1038, 1041 (11th Cir. 1998). Moreover, when construing the terms of an ERISA plan, the Court should first "assess the natural or plain meaning of the policy language." Dahl-Eimers v. Mutual of Omaha Life Ins. Co., 986 F.2d 1379, 1382 (11th Cir. 1993) (citation omitted).

Here, the Court finds that RSL's interpretation of the Plan was correct. Specifically, the Court finds that RSL was not provided with adequate evidence that Radican worked 40 hours per week at any time during 1996. The Court notes that on at least two

separate occasions RSL provided Radican with an opportunity to demonstrate that he worked 40 hours per week in 1996 and on each occasion Radican failed to demonstrate that this was the case.

During its initial investigation RSL was provided with information from: Radican; B. Edward Pittman, Vice President of Human Resources for Tarmac; Michael Unger, General Manager of a company affiliated with Tarmac; along with medical reports from Dr. Manual Porth, Radican's treating physician. Upon review of the information and documents submitted by these individuals, the Court finds that RSL was correct in denying Radican's claim for benefits, as none of the aforementioned individuals presented RSL with evidence that Radican worked 40 hours per week.

Specifically, the Court notes that Radican informed RSL that he "worked part-time for approximately one year before he was told by [his] employer, Tarmac, that they could not accommodate his part-time schedule after December 31, 1996." (DE 28, Wilson Affidavit). Moreover, Unger stated in a letter to RSL that Radican was allowed to "work on a part-time basis and continued to work on a part-time basis for over one year while receiving physical therapy and pain treatments." (DE 43, Admin. Rec. at RSL00212). Pittman, also submitted a letter on Radican's behalf in which he stated that Radican was a "full-time salaried employee" of Tarmac from 1965 through December 31, 1996. (Id. at RSL00203). However, Pittman's letter failed to state whether Radican had indeed worked

9

40 hours a week during 1996, rather Pittman mentioned that Radican had worked "partial days in 1996 following his return to work from surgery." Id. Finally, the medical reports of Dr. Porth stated that he should remain out of work for six months and that he was unable to return to work as of March 22, 1996. (Id. at RSL00106).

Thus, based on the above noted information the Court finds that RSL's was correct in initially denying Radican's claim for benefits under the Plan.

Following this Court's entry of Remand to the Plan administrator, Radican presented RSL with additional documents to support his claim for benefits under the Plan. Radican submitted affidavits from himself, as well as the following individuals: Hope E. Fischer, Benefits Administrator for Tarmac; Marcel Aragon, a co-employee of Radican's; and Dr. Manuel Porth, Radican's treating physician. However, RSL again denied Radican's claim, as none of this new evidence demonstrated that Radican had in fact worked 40 hours per week. The Court finds that this decision was correct. Specifically, the Court finds that this new evidence submitted by Radican still did not address the issue of whether Radican had in fact worked 40 hours per week and contained contradictions to earlier evidence submitted by Radican. For example, Radican submitted an affidavit in which he claims that his previous comments regarding his part-time status were misinterpreted and that he only worked part-time during the weeks in which he

10

"received physical therapy and/or pain treatment and which total not more than 12 weeks." (Id. at RSL00054-58). Radican, also submitted an affidavit from Hope E. Fischer who was the benefits administrator of Tarmac. In 1998 Fischer submitted a letter to RSL in which she stated that:

> [o]ur files on Mr. Radican indicate that he had back surgery in October of 1995 and was out of work from that time until sometime after mid-1996 at the recommendation of his doctor, Manuel Porth. Sometime during the latter part of 1996, he reported to work, but we have no documentation in the file to substantiate the dates worked.

(Id. at RSL00230).

However, in a recent affidavit Fischer states that the above noted statement:

> should not be construed or interpreted to support a conclusion that Mr. Radican did not work a minimum of 40 hours during his regular work week in 1996, and any reliance in this regard is unwarranted and misguided. My statement that Mr. Radican 'was out of work from that time (October, 1995) until sometime after mid-year 1996,' was made without personal knowledge, and I was simply paraphrasing what I had read in a written recommendation from Dr. Manuel Porth.

(Id. at RSL00050).

Here, the Court finds that the inconsistencies between Fischer's letter to RSL in 1998 and her aforementioned affidavit weigh in favor of RSL's denial of Radican's claim.

The Court further notes that in his affidavit Aragon states that he worked with Radican and that he has personal knowledge that:

> Radican performed for Tarmac America, Inc., the material duties pertaining to his job in the place and manner in

11

>           which his job was normally performed on a full-time
>           basis, i.e., a minimum of 40 hours during his regular
>           work week, with the exception of those weeks in which he
>           received physical therapy and/or pain treatment. The
>           number of weeks in 1996 James E. Radican was actively at
>           work full-time as defined above totals not less than 40
>           weeks.
> (<u>Id.</u> at RSL00052).

However, Aragon never identified what position he held with Tarmac nor did he articulate how he was able to state that Radican worked 40 hours per week. Finally, as to Dr. Porth, the Court notes that he did not state in his affidavit that Radican was working 40 hours per week in 1996 but rather he simply stated that he had no personal knowledge of whether or not Radican was adhering to his advice and not working. (<u>Id.</u> at RSL00059-60).

Following a thorough review of the Administrative Record the Court finds that RSL's denial of Radican's claim for benefits was a correct interpretation of the Plan, as Radican never demonstrated that he worked 40 hours per week.

Assuming arguendo, that RSL's interpretation of the Plan was wrong, Radican would still not be entitled to benefits under the Plan, as the Court finds that RSL's interpretation of the Plan was reasonable. As noted above, the information initially provided by Radican to RSL did not make him eligible for the benefits at issue. Moreover, even though Radican might have been paid by Tarmac as a full-time employee, RSL was still reasonable in denying Radican's claim, as the terms of the Plan required an employee to be working at least 40 hours per week. Thus, even if this Court did not agree

with RSL's denial of Radican's claim, the Court would still find that RSL's interpretation was reasonable as the terms of the plan were clear and unambiguous.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Final Judgment is hereby entered favor of the Defendant, Reliance Standard Life Insurance Company and against the Plaintiff, James E. Radican and the Plaintiff shall take nothing by this action and said Defendant shall go hence without day; and

2. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of August, 2002.

_____
WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Lawrence D. Bache, Esq.
For Plaintiff

Gene D. Lipscher, Esq.
For Defendant