Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

May 22, 2003

RE: 02-15133-HH    James E. Radican v. First Reliance Standard
DC DKT NO.:  00-06024 CV-WJZ

TO:   Clarence Maddox

CC:   Lawrence David Bache

CC:   Joshua Bachrach

CC:   Gene D. Lipscher

CC:   Administrative File



# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

May 22, 2003

Filed by Appeals
Non-Compliance with
FRAP 4(b)
MAY 28 2003
Ft. Lauderdale Clerk's Office

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 02-15133-HH    James E. Radican v. First Reliance Standard
DC DKT NO.: 00-06024 CV-WJZ

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original record on appeal or review, consisting of: three volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (8-2002)

# United States Court of Appeals
For the Eleventh Circuit

No. 02-15133

District Court Docket No.
00-06024-CV-WJZ

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Apr 10, 2003

THOMAS K. KAHN
CLERK

JAMES E. RADICAN,

    Plaintiff-Appellant,

versus

FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY,
a foreign corporation,

    Defendant-Appellee.

Filed by Appeals
Non-Compliance with
FRAP 4(b)
MAY 28 2003
Ft. Lauderdale Clerk's Office

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: 
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Southern District of Florida

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



Entered:  April 10, 2003
For the Court:  Thomas K. Kahn, Clerk
By:  Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 02-15133
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2003
THOMAS K. KAHN
CLERK

Filed by Appeals
Non-Compliance with
FRAP 4(b)
MAY 28 2003
Ft. Lauderdale Clerk's Office

D.C. Docket No. 00–06024-CV-WJZ

JAMES E. RADICAN,

　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff-Appellant,

versus

FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY,
a foreign corporation,

　　　　　　　　　　　　　　　　　　　　　　　　　Defendant-Appellee.

Appeal from the United States District Court for the
Southern District of Florida

**(April 10, 2003)**

Before DUBINA and MARCUS, Circuit Judges, and SHAPIRO*, District Judge.

PER CURIAM:

---

　　*Honorable Norma L. Shapiro, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Plaintiff-appellant, James E. Radican, appeals the judgment in favor of defendant First Reliance Standard Life Insurance Company ("FRSL") on his claim for disability benefits under a group long-term disability insurance policy issued to Radican's former employer, Tarmac America, Inc. ("Tarmac").

**FACTUAL BACKGROUND**

Radican initially filed a complaint seeking damages under the Employees' Retirement Income Security Act ("ERISA"), 29 U.S.C. § 2001, et seq., in state court. RSL timely removed the action to federal court. The issue is whether RSL improperly denied Radican's claim for benefits.

Radican was an employee of Tarmac from 1965 until December 31, 1996. It is alleged he was paid as a full-time worker and was entitled to benefits of full-time employees, including insurance benefits. Tarmac provided its employees with health care and disability coverage; its group policy is an employee welfare benefit plan (the "Plan") governed by ERISA. In October, 1995, Radican had a back operation and was unable to work after December 3, 1996; he filed a claim with RSL for long-term disability under the Plan. RSL denied the claim because in 1996 Radican was not a full-time employee as defined by the Plan. Radican exhausted all administrative appeals of the denial of his eligibility before filing this action.

**ERISA STANDARD OF REVIEW**

Our review of a denial of benefits is: 1) de novo where the plan does not grant discretion to the administrator; 2) "arbitrary and capricious" when the plan does grant the administrator discretion; but 3) heightened "arbitrary and capricious" where there is a conflict of interest. HCA Health Services of Ga. Inc. v. Employers Health Ins. Co., 240 F.3d 982, 993 (11th Cir. 2001).

When reviewing an administrator's denial of benefits, the court must follow a series of steps. First, the court must look at the plan document to determine whether it grants the administrator discretion to interpret disputed terms. Regardless of whether "arbitrary and capricious" or "heightened arbitrary and capricious" review applies, the court evaluates the administrator's interpretation of the plan to determine if it is "wrong." "Wrong" means that, after reviewing the plan documents and disputed terms de novo, the court disagrees with the claims administrator's interpretation of the plan. If the administrator's interpretation of the plan is correct, the inquiry ends. Collins v. American Cast Iron Pipe Co., 105 F.3d 1368, 1371 (11th Cir. 1997).

If the administrator's interpretation of the plan is wrong, the court must determine whether the administrator's wrong interpretation is nonetheless reasonable.

3

If so, then the administrator's wrong but reasonable interpretation is entitled to deference.

If no conflict of interest is present, the "arbitrary and capricious" standard applies and the administrator's wrong but reasonable interpretation will be upheld. If a conflict of interest is present, the court will apply a "heightened arbitrary and capricious" review; the burden shifts to the administrator to show the interpretation is not tainted by self interest. Id. If the court finds that the administrator has failed to show the interpretation is not tainted by self interest, the administrator's interpretation is not entitled to deference. Id.at 995.

**DISCUSSION**

Here, RSL has discretion to interpret disputed Plan terms.

The Plan provides that:

First Reliance Standard Life Insurance Company shall serve as the claims review fiduciary with respect to the insurance policy and the Plan. The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits. Decisions by the claims review fiduciary shall be complete, final, and binding on all parties.

(DE 43, Admin. Rec. at RSL00010).

This language is an express grant of discretionary authority to RSL to make eligibility determinations and interpret disputed Plan terms. Therefore, the court

4

applies either the arbitrary and capricious or heightened arbitrary and capricious standard if RSL's interpretation of the Plan was wrong. HCA Health Servs., 240 F.3d at 993. If RSL correctly interpreted the Plan, inquiry ends. Collins, 105 F.3d at 1370. ("If the administrator's interpretation was correct, then the inquiry ends.")

At issue is whether Radican was a full-time employee of Tarmac in 1996; only active, full-time employees were eligible for the Plan. (DE 43, Admin. Rec. at RSL00005). Full-time is defined as working for Tarmac a minimum of 40 hours during a person's regular work week. Id. at RSL00007. The Plan defines "Actively at Work" and "Active Work" as:

> actually performing on a Full-time basis the material duties pertaining to his/her job in the place where and the manner in which the job is normally performed. This includes approved time off such as vacation, jury duty, and funeral leave, but does not include time off as a result of an Injury or Sickness.

Id.

When construing the terms of an ERISA plan, the court should first "assess the natural or plain meaning of the policy language." Dahl-Eimers v. Mutual of Omaha Life Ins. Co., 986 F.2d 1379, 1382 (11th Cir. 1993) (citation omitted).

Under ERISA, Radican has the burden of proving entitlement to the benefits in question. Horton v. Reliance Life Insurance Company, 141 F.3d 1038, 1041 (11th Cir. 1998). But RSL has not been provided with adequate evidence that Radican

worked 40 hours per week at any time during 1996. On at least two separate occasions RSL provided Radican with an opportunity to prove he worked 40 hours per week in 1996 and on each occasion Radican failed to provide credible evidence that he did so.

During its initial investigation RSL was provided with information from: Radican; B. Edward Pittman, Vice President of Human Resources for Tarmac; Michael Unger, General Manager of a company affiliated with Tarmac; and, Dr. Manual Porth, Radican's treating physician. Upon review of this information, there was no evidence that Radican worked 40 hours per week in 1996.

Radican informed RSL that he "worked part-time for approximately one year before he was told by [his] employer, Tarmac, that they could not accommodate his part-time schedule after December 31, 1996." (DE 28, Wilson Affidavit). Unger stated Radican was allowed to "work on a part-time basis and continued to work on a part-time basis for over one year while receiving physical therapy and pain treatments." (DE 43, Admin. Rec. at RSL00212.) Pittman stated that Radican was a "full-time salaried employee" of Tarmac from 1965 through December 31, 1996 (Id. at RSL00203), but failed to state whether Radican had worked 40 hours a week during 1996. Instead, Pittman said that Radican had worked "partial days in 1996 following his return to work from surgery." Id. The medical reports of Dr. Porth

stated that Radican should remain out of work for six months and that he was unable to return to work as of March 22, 1996. (Id. at RSL00106.) RSL was correct in denying Radican's claim for benefits under the Plan initially.

Radican then presented RSL with additional documents to support his claim for benefits: affidavits from himself; Hope E. Fisher, Benefits Administrator for Tarmac; Marcel Aragon, a co-employee of Radican's; and Dr. Manuel Porth, Radican's treating physician. None of this new evidence demonstrated that Radican had in fact worked 40 hours per week in 1996. The new evidence submitted by Radican still did not address whether Radican had in fact worked 40 hours per week and in some respects contradicted evidence submitted by Radican earlier.

Hope E. Fischer was the benefits administrator of Tarmac. In 1998, Fischer submitted a letter to RSL in which she stated that:

> [o]ur files on Mr. Radican indicate that he had back surgery in October of 1995 and was out of work from that time until some time after mid-1996 at the recommendation of his doctor, Manuel Porth. Sometime during the latter part of 1996, he reports to work, but we have no documentation in the file to substantiate the dates worked.

(Id. at RSL00230).

In a more recent affidavit, Fischer stated that her former statement:

> should not be construed or interpreted to support a conclusion that Mr. Radican did not work a minimum of 40 hours during his regular work week in 1996, and any reliance in this regard is unwarranted and

> misguided. My statement that Mr. Radican 'was out of work from that time (October, 1995) until sometime after mid-year 1996,' was made without personal knowledge, and I was simply paraphrasing what I had read in a written recommendation from Dr. Manuel Porth.

(Id. at RSL00050).

The inconsistencies between Fischer's letter to RSL in 1998 and her subsequent affidavit weighed in favor of denial of Radican's claim.

Aragon averred that he worked with Radican and had personal knowledge that:

> Radican performed for Tarmac America, Inc., the material duties pertaining to his job in the place and manner in which his job was normally performed on a full-time basis, i.e., a minimum of 40 hours during his regular work week, with the exception of those weeks in which he received physical therapy and/or pain treatment. The number of weeks in 1996 James E. Radican was actively at work full-time as defined above totals not less than 40 weeks.

(Id. at RSL00052).

Aragon never identified what position he held with Tarmac nor did he articulate how he was able to state that Radican worked 40 hours per week. Dr. Porth did not aver that Radican was working 40 hours per week in 1996; he had no personal knowledge whether Radican was adhering to his advice and not working. (Id. at RSL00059-60).   Radican never proved he worked 40 hours per week. Denial of Radican's claim for benefits was a correct interpretation of the Plan.

Assuming that RSL's interpretation of the Plan was wrong, Radican would still not be entitled to benefits as RSL's interpretation of the Plan was reasonable. The information initially provided by Radican to RSL did not make him eligible for benefits. Even though Radican might have been paid by Tarmac as a full-time employee, the terms of the Plan required an employee to be working at least 40 hours per week. The terms of the Plan were clear and unambiguous. RSL was reasonable in denying Radican's claim.

After careful consideration of the record and the briefs, there being no reversible error, the decision of the district court is affirmed.

**AFFIRMED.**



A True Copy-Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia